CALEDONIA, *March,* 1842.

McGregor *v.* Town of Walden.

---

WILLAM McGREGOR *v.* The TOWN OF WALDEN.

The assignee of a judgment may maintain an action in his own name against a sheriff or constable for his neglect in not collecting an execution, taken out and delivered to him by the assignee, after the assignment.

The town is liable for the default of its constable, in the first instance, and a suit against the constable is not indispensable to charge the town.

CASE, against the defendants for the neglect of their constable. The declaration was as follows ;—

' In a plea of the case for that whereas, one George Avery ' of Wolcott, in the county of Lamoille, by the considera-

CALEDONIA,
March,
1842.

McGregor
v.
Town of
Walden.

'tion of the county court, holden at Hydepark, within and
'for the county of Lamoille, aforesaid, at the December
'term of said court, A. D. 1838, recovered judgment in his
'favor against one James Bell, of Walden, in the county of
'Caledonia aforesaid, for the sum of one hundred and seven-
'ty-nine dollars and eighty cents damages, and for the sum
'of fifty-two dollars and six cents costs, as by the records
'thereof remaining in said court appears, which judgment
'the said George Avery, on or about the first day of January,
'A. D. 1839, for a valid consideration, sold and transferred
'all his right, title and interest therein, to one Scevy Garfield,
'who took out execution against the said James Bell for
'the sums aforesaid, in due form of law, and the said James
'Bell having at different times made payments on said execu-
'tion, to wit, (setting forth sundry payments indorsed on said
'execution, amounting to $178.80,) and afterwards, to wit,
'on or about the 11th day of June, 1839, the said Scevy
'Garfield, for a valid consideration, sold, transferred and as-
'signed all his right, title and interest in and to said judg-
'ment and execution to the plaintiff, and the plaintiff, on the
'day and year last aforesaid, took an *alias* execution on the
'judgment aforesaid, dated the day and year last aforesaid,
'for the damages and costs aforesaid and for twenty-five
'cents for said writ of *alias* execution and twenty-five cents,
'for said former writ of execution, which writ of execution
'was signed by the clerk of Lamoille county court, directed
'to the sheriff of Caledonia county, his deputy, or either
'constable of the town of Walden, in said county, and made
'returnable in sixty days from the date thereof, and said in-
'dorsements on said execution were carried forward and
'certified on said *alias* writ of execution.   And on the
'30th day of July, 1839, the plaintiff delivered the same
'writ of *alias* execution to Mark A. Amsden, he, the said
'Mark A., then being constable in and for said town of Wal-.
'den, chosen as such at their annual March meeting, 1839,
'to levy, execute and collect in due form of law ; yet the
'said Mark A. Amsden, for whose doings as constable the
'defendants are liable, hath never executed the said writ of
'*alias* execution, nor caused the sums,or any part thereof, due
'on said execution, to be paid to the plaintiff, who still re-
'mains unsatisfied for the same, nor made any return of the

CALEDONIA,
*March,*
1842.

McGregor
*v.*
Town of
Walden.

'writ aforesaid, with his doings thereon, according to the 'command thereof, but neglects so to do, although the said 'Mark A., constable as aforesaid, and as constable in and 'for the town of said Walden, promised to collect and legal-'ly account to the plaintiff for the balance due on said writ 'of *alias* execution, for the neglect of which duty and the 'damages, consequent thereon, this declaration is filed,' &c.

The defendant demurred, specially, to the declaration, and set down the following causes of demurrer.

1. That the suit by law ought not to be brought in the name of plaintiff.

2. That a suit should have been brought against said Amsden before one could be maintained against the town.

3. That plaintiff sets up a breach of duty as a substantive charge, and also a promise made by said Amsden.

The county court decided that the declaration was insufficient and rendered a judgment for the defendants and the plaintiff excepted.

*J. R. Skinner,* for plaintiff.

The first question in this case is, can the assignee of a judgment and execution maintain case against a town for the neglect of their constable in not collecting or returning an execution put into his hands for collection by the assignee.

As all civil actions are to repair some loss sustained, the party to whose use the proceeds of the suit are to be appropriated and whose interest has in fact been impaired should bring the suit. Hammond, 35 and 344.

Where a sale has been lost by defaming the vendor's title, as the damage consists in having lost a beneficial contract, it follows that if several were jointly concerned in the contract, they are jointly aggrieved and may sue. Hammond, 46–7.

The remainder man, in tail, may maintain an action against a stranger for impairing the premises. Hammond, 38.

The statute, page 89, section 27, enacts, that the several towns shall be liable to make good all damages that shall accrue to any person by reason of the neglect or default of any constable, to be recovered in an action on the case.

The action on the case, when sounding in tort, is founded on the special circumstances of the case, and gives the right of action to the party injured.    1 Chitty's P. & E. 123.

The assignee of a chose in action, after assignment, can maintain an action on the case for any injury he sustains, after he becomes such assignee.    Saund. P. & E. 445. 2 Saund. 252.    Hammond on Parties, 314.  1 Conn. R. 60.

The action on the case lies in the name of any person interested in having the duty performed, which the law casts upon the officer.  *Bank of Utica* v. *McKinister*, 11 Wend. 473.

It is not necessary first to sue the constable before the right of action accrues against the town.    10 Vt. R. 237.

The plaintiff may allege his *gravamen* as constituting a breach of duty arising from a contract, where the breach of contract is a tortious negligence.    1 Saund. P. & E. 414. Ham. 314.    1 Conn. 60, above cited.

*B. N. Davis*, for defendants.

The plaintiff founds his right to maintain the action in his own name on the statute, which enacts that the several towns shall be liable to make good all damages which shall accrue *to any person* by reason of the neglect of the constable.

That the remedy is to be applied for the benefit of him whose rights are legally affected by the rules of the common law, is obvious from the consideration that, in practice, it would be extremely inconvenient to give a remedy in the name of any one and every one whose rights might be injured.    *Harrington* v. *Ward*, 9 Mass. 251.

In the case at bar, for aught that appears, Avery and Garfield might suffer in consequence of the neglect complained of, inasmuch as it does not appear that the assignment was made at the sole risk of the plaintiff.   Supposing that Avery and Garfield were interested in the execution, by some contract relating to the collection thereof, and both were injured by the neglect of the constable, as well as the plaintiff, according to the plaintiff's construction of the statute, three suits should be commenced against the town, which would lead to results too absurd to be entertained for a moment.

Hence ' any person,' mentioned in the statute, means any

CALEDONIA,
*March*,
1842.

McGregor
*v.*
Town of
Walden.

person whose rights have been affected by the rules of the common law.

It may be that a suit might be sustained in favor of plaintiff against the execution debtor, on a special promise to pay the execution after the assignment, and very likely the constable of Walden might make himself liable on his special promise to pay the money to plaintiff, in case it were collected.

But it is contended that in no case could he make himself liable *as constable* by such special promise, and much less the town, as the liability of an officer rests alone on the statute, and a special promise does not add to or detract from his legal liabilities. *Walbridge et at.* v. *Griswold*, D. Chipman's R. 162. *Tomlinson* v. *Wheeler*, 1 Aikens' R. 194. *Charleston* v. *Stacy*, 10 Vt. R. 562. *McMillan* v. *Eastman*, 4 Mass. R. 378. 1 Chitty's Pleadings, 137.

Hence the special promise, set up in plaintiffs declaration, to collect and account for legally to plaintiff, cannot aid him, and we are brought to the naked question, can an action on the case for the neglect of an *officer* to do his duty be sustained in the name of one having only the equitable interest in the execution ?

That plaintiff's interest in the execution was only equitable and not legal is without dispute, if the doctrine be correct that choses is action *ex delicto* as well as *ex contractu* are not assignable so as to enable the assignee to sustain the suit in his own name. Chitty's P. 55, 10. *Martin* v. *Miller*, 4 T. R. 340. Chitty on Bills, 5 to 10. *Johnson* v. *Collings*, 1 East's R. 104. *Dawes* v. *Town of Boylston*, 9 Mass.R.337.

All legal proceedings in relation to the execution must be carried on in the name of the creditor therein, as well after assignment as before. If real estate had been set off on the execution it must have been done in the name of Avery, and plaintiff would be compelled to resort to chancery to compel Avery to deed had he refused.

Had the debtor in the execution been committed to jail, a citation to show cause why he should not be admitted to the poor debtor's oath must have been served on Avery, had he been in the same county, and if he lived out of the county, an agent must have been appointed within the limits,

notwithstanding plaintiff lived in the county and had an equitable interest in the execution.

Had the debtor in the execution undertaken to set it aside for some irregularity, process must have been served on Avery, and, for aught that appears in the declaration, payment to Avery would be good unless Garfield had notified him of the assignment to him, in which case payment to Garfield would discharge the execution.

In short whatever legal proceedings were to be instituted in relation to the execution they must follow the parties of record, leaving assignees to be protected by the wholesome regulations of the law in relation to their rights. 15 Johns. 405. 11 Mass. 236.

The opinion of the court was delivered by

BENNETT, J.—In actions for torts the general rule is that such actions must be brought in the names of the persons whose *legal rights* have been affected, and who were *legally* interested in the property when the injury to it was committed. This rule is founded in good sense, and it might well be inquired, why should the suit be brought in the name of a person who is not to enjoy the benefit of it, and who has sustained no damage for which a reparation is demanded? The declaration shows that the plaintiff was the assignee of the judgment against Bell; that he, as such assignee, took the execution and put it into the hands of the constable for collection, and that the default of the officer accrued while he was the owner of the judgment. It is true that it is an *ancient* rule of the common law that a chose in action cannot be assigned or granted over to another. The wisdom of this rule has been frequently questioned, and it has been so explained and modified that it remains, at the present day, at most only an objection, in any case, to *the form of action.* Courts of equity, who have always been disposed to look at the *substance*, rather than the *shadow*, never adopted it, but always acted in direct contradiction to it. In process of time, courts of law began to look with more complacency upon assignments of choses in action, and to speak of them as being good between the parties, and give them effect, and held the assignment a sufficient consideration for an express promise. It may now be regarded as settled law that courts

*Margin note:* CALEDONIA, March, 1842.

McGregor v. Town of Walden.

CALEDONIA,
March,
1842.

McGregor
v
Town of
Walden.

of law will protect the rights of an assignee to a chose in action, after notice, equally with courts of equity; yet, as a general rule, it must be admitted that they have adhered to the formal objection that the action must be brought in the name of the assignor. If this had been an action of debt upon the judgment against the judgment debtor, it must have been in the name of the judgment creditor. So if the action had been for a default of the officer before the assignment, it must have been brought in the name of the assignor. But, in this case, the plaintiff is the only person injured. His right alone is affected by the default of the officer. No chose in action had ever accrued to his immediate assignor, nor to the judgment creditor. It would, as it seems to me, be exceedingly fine spun to hold that the right of action for the default of the officer, after the assignment, accrues to the judgment creditor, simply upon the ground that the judgment could not be assigned, at law, so as to give the action *in form* in the name of the assignee, though, as to all valuable purposes, it would be operative.

I know of no rule of the common law which, in a case like the present, requires the action to be brought in the name of the judgment creditor, and I can see no use or convenience in it. In *Clowes v. Hawley*, 12 Johns. R. 484, the assignee of a bond was permitted to maintain trover in his own name against the obligor, who had got it into his possession and converted it, and the court say, ' it is no objec- ' tion to the action that the assignee might, in the name of ' the obligee, have sued the bond.' The case proceeds upon the ground that, by the assignment, the plaintiff had acquired an interest, which courts of law will protect. In the case of *Harrington v. Ward*, 9 Mass. R. 251, which has been much relied upon by the defendant's counsel, the plaintiff and two others had signed a note as surety with J. N. to W., who sued all the signers, and the defendant's deputy attached the property of J. N. the principal. When judgment had been obtained, the execution was put into the hands of another deputy of the defendant, who demanded the property of the first deputy, who refused to deliver it, and the collection of a moiety of the execution was enforced against the plaintiff, and it was for the neglect of the officer, in not turning out the property attached, that the action was brought.

Upon such a state of facts the court might well say the action would not lie. The judgment creditor made no complaint, nor the judgment debtor, whose goods had been attached, and there had been no assignment of the judgment to the plaintiff so as to create any *privity.* When the court say ' that the officer is answerable for his neglects to none ' but the plaintiff or the defendant in the suit,' it must be taken as applicable to such a state of facts as were then before them.

It has been settled in this state that towns, under the statute, are liable for the neglect of their constables in the first instance, and that a suit against the constable is not necessary.

The judgment of the county court is reversed, and judgment that the plaintiff's declaration is sufficient.