#### FOR THE

### COUNTY OF CHITTENDEN,

#### JANUARY TERM, 1844.

---

#### PRESENT,

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

### CHARLES COLLINS v. PHELPS SMITH.

When property has been attached by an officer, and the execution is delivered to another officer, the property attached is not charged in execution without a demand of the property of the attaching officer, notwithstanding the execution may have been taken out and delivered to the second officer within thirty days after judgment, and notwithstanding the property may have been entirely consumed by the debtor before the judgment was rendered on which the execution issued.

An officer, who has attached property, can only maintain an action for it upon the ground of his liability to the attaching creditor, or to the owner for its return to him.

In trover, after a default, matter which shows that the plaintiff had no right to recover, and which might have been given in evidence under the general issue, may avail the defendant in mitigation of damages.

TROVER for a quantity of hay. After judgment against the defendant by default, the case came on for a hearing on the assessment of damages.

2

Collins *v.* Smith.

It appeared that the plaintiff, a constable, attached the hay in question, as the property of the defendant, on *mesne* process in favor of Lyman & Marsh against the defendant, by leaving a copy in the town clerk's office. The hay was not removed, nor did the plaintiff take actual possession of it; and it was entirely consumed and disposed of by the defendant before judgment was recovered by Lyman & Marsh. Within thirty days after the rendition of judgment in favor of Lyman & Marsh they took out their execution, and delivered it to one Ferris, a deputy sheriff; but said Ferris never made any demand of the plaintiff for said hay.

The court held that the defendant was entitled to the benefit of these facts in mitigation of damages, and rendered judgment for the plaintiff for nominal damages; to which the plaintiff excepted.

*C. D. Kasson* for plaintiff.

1. Smith having actually sold and destroyed the hay prior to the rendition of the judgment in the suit in which it was attached, it obviates the necessity of a demand on Collins.

All the cases, in which a demand upon the attaching officer has been held necessary, are cases in favor of the attaching creditor against him; and they proceed upon the ground that the officer has the *possession in fact* of the property, which, unless he is properly notified to the contrary, he is bound to restore to the debtor; and he is meanwhile personally responsible for the keeping to both parties. But in this case the property was strictly in the *custody of the law*, and a demand on Collins could have been of no service. It could not have charged him with any *liability*, for there was no responsibility on him at the outset. It could not have affected the rights of the debtor, for he had a right to use the property the moment the attaching creditor failed in his suit, or omitted to take out an execution in thirty days; and this could not depend on any thing Collins could *do* or *omit*. It could not affect the rights of the attaching creditor; for, by giving his execution to a proper officer in due time, his right to the property, which was in the *custody of the law*, was perfected.

2. After a judgment in chief the defendant cannot, in mitigation of damages, rely on matter *in bar*.

*Smalley & Whittemore* for defendant.

The plaintiff had neither the possession nor right of property in the hay claimed in this suit,—having never had the execution, and not having been called on by the officer, who did hold it, within thirty days from the rendition of the judgment. *Enos* v. *Brown,* 1 D. Ch. 280. *Clark* v. *Washburn,* 9 Vt. 302. *Jameson* v. *Mason,* 12 Vt. 599.

The opinion of the court was delivered by

BENNETT, J. This was an action of trover, in which the plaintiff sought to recover for property, which he, as constable of Colchester, had attached as the property of the defendant in this suit.

Though the attaching creditors took out their execution within the first thirty days from the rendition of their judgment, and delivered it to the deputy sheriff in season to charge the property, yet, as he was not the same officer who served the attachment, the property was not charged in execution without a demand. The case finds that the deputy sheriff never made any demand for the property. The result, then, was that the attachment of Messrs. Lyman & Marsh was dissolved, and the plaintiff ceased to be liable to them for it. The principle is well settled that an officer, who attaches property, gains such a special interest in it, that he can maintain an action for it, so long as he continues either liable to the attaching creditor for the same, or to the owner for its return upon the dissolution of the attachment, but no longer. But in this case the hay attached was never removed, and the owner, Smith, had sold and made use of the hay, for his own benefit, before Lyman & Marsh had obtained their judgment. Of course the plaintiff could not maintain the action on the ground of his liability over to the owner ;—and indeed this very suit is against the owner for his conversion of the property.

But the defendant, at a prior term of the County Court, suffered a default ; and now the plaintiff's counsel insists that this matter, which might have availed the defendant as a defence to the action, cannot be used in mitigation of damages. It is true that it seems to be well settled that in an action for slander, under the plea of the general issue, the defendant cannot give in evidence the truth of the words spoken in mitigation of damages. The law requires such

matter, when interposed as a defence to the action, to be put in issue by a special plea, so that the plaintiff may be prepared to defend himself, as well as to prove the speaking of the words. If such matter were allowed to be given in evidence under the general issue, in mitigation of damages, it would operate as much a surprise upon the plaintiff, as it would to allow it to come in as a defence to the action.

· But, in the case now before us, the matter insisted upon might have been given in evidence on trial, under the general issue, to have defeated the plaintiff's entire right of recovery, as it shows a determination of the plaintiff's special property in the hay. We cannot perceive any sufficient reason why, after default, it should not be allowed in mitigation of damages. The plaintiff has no reason to complain of a surprise. Let the judgment of the County Court be affirmed.