#### FOR THE

### COUNTY OF ESSEX,

### MARCH TERM, 1844.

---

#### PRESENT,

Hon. STEPHEN ROYCE, ⎫
Hon. ISAAC F. REDFIELD, ⎬ Assistant Judges.
Hon. MILO L. BENNETT, ⎭

---

### GREENLIEF WEBB *v.* EDWARD A. WEBB.

In debt on bond, assigning as breaches, in the declaration, the payment of sums of money which it was the duty of the obligor to pay, if the defendant do not traverse the breaches, but plead in bar accord and satisfaction, and on trial introduce no evidence, the plaintiff is not entitled to recover damages on the breaches assigned, without proof of the extent of the injury sustained.

*It would seem* that this rule extends to all cases of open damages, when judgment passes by default, on demurrer, or by *nil dicit*, or when money is paid into court. REDFIELD, J.

DEBT upon a bond, executed by the defendant to the plaintiff, and conditioned that the defendant should indemnify and save harmless the plaintiff from all debts due from the firm of G. & E. A. Webb, then lately dissolved, of which the parties to this action were the members.

Webb *v.* Webb.

The declaration assigned the breaches as follows; " and the plaintiff saith, that, at the time of the making said writing obligatory, to wit, &c., said co-partnership was indebted to the firm of White & Reed in the sum of forty dollars, and to the firm of Smith & Dana in the sum of eight hundred dollars, and to the firm of Farnsworth & Phipps in the sum of two hundred dollars, and to Richard Jenness in the sum of seven hundred dollars; yet the said plaintiff saith that the said Edward A. Webb hath not paid the debts of said partnership, due as aforesaid, and hath not indemnified and saved harmless the said plaintiff from the debts aforesaid." The declaration then averred that the plaintiff had been compelled to pay and had paid the said debts, and that he had been put to great costs and trouble by reason of his property being attached to secure said debts, and had thereby suffered damage to the amount of one hundred dollars. The defendant pleaded in bar accord and satifaction, and also pleaded an offset.

On trial the defendant introduced no evidence in support of his plea in bar. The plaintiff contended, that, by the plea, the breaches assigned in the declaration were admitted, and also the damages, to the amount set forth in the assignment of breaches. But the court decided that the amount of damages was not admitted by the plea, and that the plaintiff must prove the amount of damages he had sustained, unless he would consent to be allowed nominal damages; to which decision the plaintiff excepted.

The jury returned a verdict for the defendant.

*Wells* for plaintiff.

If the defendant disputed the correctness of the breaches assigned, he should have traversed the same; but pleading merely accord and satisfaction, he admitted the facts alleged in the assignment of breaches, and the court erred in afterwards compelling the plaintiff to prove the same. *Post Master General* v. *Cochran,* 2 Johns. 414. *Munroe* v. *Allire,* 2 Caine 328. 1 Ch. Pl. 606, 614. *Dudley* v. *Sumner,* 5 Mass. 438. *Ayer* v. *Spring,* 10 Ib 80.

*O. H. Smith* and *T. Bartlett* for defendant.

The decision of the court was in accordance with the provisions

of sections 42, 44, and 45 of the statute. [Rev. St. p. 165.] By the defendant's plea the execution of the bond and a breach thereof are alone admitted. The plaintiff's declaration contained a general assignment of breaches, and it is manifest that the defendant's plea can have no greater effect, in reference to the proof to be adduced by the plaintiff, to entitle him to recover damages, than a demurrer would have. In either case the plaintiff must show his damages under the statute. If the plaintiff sought merely to recover judgment for the penalty, and did not seek for damages, the case might be entitled to a different consideration.

The opinion of the court was delivered by

REDFIELD, J. The only question in the present case is in regard to the right of the plaintiff to recover more than nominal damages on the state of the pleadings. In this case the breaches were assigned in the declaration. The defendant pleaded, as he must, so as to meet the specific breaches assigned;—but, as he chose to give no evidence in support of his plea, the case stands the same as if he had suffered default, or had demurred, or let judgment pass by *nil dicit*. In the present case the breaches are assigned in general terms, and in round numbers.

My own views upon this subject are fully expressed in a dissenting opinion in a preceding case in this volume. *Hyde* v. *Moffat*, *ante*, page 271.

It is well settled in Westminster Hall, and in most of the American States, that, in cases of judgment on demurrer, by default, or *nil dicit*, the plaintiff is not entitled to judgment for damages, until he executes a writ of inquiry, unless in some few cases, where the assessment of damages, is mere matter of computation,—as in the case of a bond, bill, or note, or other written contract,—in which case it will be referred to a master to compute the damages. *Marshall* v. *Griffin*, 21 E. C. L. 377. *Green* v. *Hearne*, 3 T. R. 301. And in all open actions it is good ground for sustaining a writ of error, if the plaintiff, in such case, enter up judgment for the amount claimed in his declaration, without executing a writ of inquiry. And in executing the writ of inquiry for damages, in such cases, the plaintiff is only entitled to such damages as he proves, or

such as *necessarily* result from the acts alleged in his declaration, and *which he must prove, in order to recover upon the general issue. Tripp* v. *Thomas,* 10 E. C. L. 139.

In the English practice the plaintiff is always entitled to the open and close in the argument, in all actions of open damages, let the state of the pleadings be what it will,—on the ground that he must go forward in showing damages. In the case of *Green* v. *Hearne* the rule upon this subject is correctly laid down by BULLER, J., and, so far as I know, has been adhered to in all the subsequent cases. It is in these words; "Where a defendant suffers judgment to go by default, he admits the cause of action, and thus far an action for money had and received and an action upon a bill are alike; but beyond that there is no similarity. For in the former case the defendant only admits *something* to be due; and, as the demand is uncertain, *the plaintiff must prove the debt before the jury.*" This view of the case is more or less distinctly sustained by the following cases, among others; *Thelluson* v. *Fletcher,* Dougl. 314; *Holdipp* v. *Otway,* 2 Saund. R. 106 and notes; *Hewet* v. *Mantel,* 2 Wils. 374; *Shepherd* v, *Charter,* 4 T. R. 275; *Berthen* v. *Street,* 8 T. R. 326; Ib. 395; *Moody* v. *Pheasant,* 2 B. & P. 446; *Livingston* v. *Livingston's Ex'rs,* 3 Johns. 252; *Foster* v. *Smith,* 10 Wend. 377; *Bates* v. *Loomis,* 5 Wend. 134; *Kerker* v. *Carter,* 1 Hill 101; *Cooper* v. *Blick,* 42 E. C. L. 975, 985.

In this State it is not common to execute a writ of inquiry,—the damages, in cases of default, judgment upon demurrer, and by *nil dicit,* being usually assessed by the court, or by some person by them appointed for that purpose. This practice we have taken, I presume, mainly from Connecticut; for I do not find that the same practice obtains so generally elsewhere. But the course of trial and the necessity of proof are the same every where, and under all forms of procedure. And in this state, by statute, either party is entitled to have the damages assessed by the jury,—which would be a privilege of very little import, if the judgment had already established conclusively the rule, or the *quantum,* of damages. 1 Sw. Dig. 784, 785. The same rule applies, in the English practice, to paying money into court. *Cooper* v. *Blick,* 42 E. C. L. 975.

Judgment affirmed.