## PHILIP CHASE *v.* TOWN OF PLYMOUTH.

Mere formal defects in process, not rendering it void, even though sufficient to cause it to be abated, quashed, or set aside, as irregular, on proper motion, or plea, by the party directly affected by it, will not justify the officer, in whose hands it is placed for service, in neglecting to execute it.

In this case, an execution, in which the command to dispose of the goods of the debtor was omitted, was delivered to an officer for service; and it was held, that the omission would not justify him in neglecting to execute it.

Where it appeared, that property had been attached upon a writ, and judgment obtained, and execution issued and placed in the hands of an officer for service, and, upon the officer's suggesting a doubt, whether the property belonged to the debtor, the creditor directed him to inquire respecting it before levying, and afterwards the creditor gave to the officer a sufficient bond of indemnity, and directed him to sell the property, and also to levy upon another article of property, which had not been attached, it was held, that this afforded no evidence, that the creditor had controlled the execution, so as to exonerate the officer from liability for neglecting to levy it.

Where the holder of a note, not negotiable, has commenced an action upon it in the name of the payee, and recovered judgment, and delivered the execution to an officer to levy, and the officer has neglected to levy the execution or return it within its life, the owner of the judgment may sustain an action against the officer, for such neglect, in the name of the payee of the note, in whose name the judgment was recovered.

TRESPASS ON THE CASE against the defendants for the default of Jairus Josselyn, their constable for the year commencing in March, 1844, in not levying or returning an execution against one Headle, delivered to him for collection. Plea, the general issue, and trial by the court, November Term, 1846,—KELLOGG, J., presiding.

On trial it appeared, that Josselyn was constable of Plymouth, as alleged in the declaration ; that the plaintiff, Chase, formerly owned a note against Rufus K. Headle, which was payable to himself, and which he sold to Russell D. Hosley ; that Hosley commenced a suit against Headle upon the note, in the name of Chase, and attached upon the writ certain hay and grain, as the property of Headle, and recovered judgment against him, and took out an execution thereon, dated December 14, 1844 ; that the command to the officer, in this

execution, was in these words,—"You are hereby commanded of the goods, chattels and estate of the debtor, to be found within your precinct, or by him to be shown unto you, you cause to be levied upon and paid and satisfied unto the creditor the aforesaid sums," —omitting the words, "*and the same being disposed of as the law dircts;*" that this execution was delivered to Josselyn, as constable, December 19, 1844; that Josselyn advertised for sale the hay and grain which had been attached, and afterwards said to Hosley, that he thought he could not hold the property, but that he was going into the neighborhood and would make inquiries,—and Hosley replied, that he wished he would do so; that on the 20th of January, 1845, Hosley executed to Josselyn a bond, to indemnify him for selling the property,—which bond Josselyn said was good, and he accepted the same; that Josselyn then asked for directions, and Hosley directed him to sell the hay and grain attached on the original writ, and to attach the horse of Headle; that Josselyn adjourned the sale of the hay and grain from time to time, until March 10, 1845,— when, without making sale of the property, he returned the execution unsatisfied; and that Hosley is still the owner of the judgment.

The defendants objected to the admission of the execution in evidence, on account of its informality; but the objection was overruled by the court. The defendants insisted, that the action could not be sustained in the name of Chase, but should have been brought in the name of Hosley; but the court decided, that the action was well brought in the name of Chase, for the benefit of Hosley. The defendants also insisted, that, upon all the facts, the plaintiff was not entitled to recover; but the court decided, that the plaintiff was entitled to recover, upon these facts, and rendered judgment for the plaintiff. Exceptions by defendants.

*S. Fullam* for defendants.

1. The exceptions show, that Hosley was the *owner* of the note and of the execution. The statute,—Rev. St. 89, § 27,—provides, that towns shall make good all damages, which shall accrue to *any person* by reason of the neglect, or default, of any constable. It cannot be pretended, that any damage accrued to Chase, after he had sold the note. *McGregor* v. *Walden*, 14 Vt. 450.

Chase *v.* Plymouth.

2. The execution was improperly admitted,—not being in the form prescribed by statute. Rev. St. 484.

3. Upon all the facts, the plaintiff was not entitled to recover. It does not appear, that any of the property was to be found, after the execution of the bond. Hosley controlled the execution, by giving the officer directions to inquire whether he could hold the property, or not, and to attach the horse. The court do not find, that the constable could have attached the horse, or was guilty of any neglect.

*F. C. Robbins* for plaintiff.

1. An execution is not void for informality; and unless it be void, the officer is bound to levy it and make return within sixty days. The execution was therefore properly admitted in evidence. *Kellogg, ex parte,* 6 Vt. 509. *Bank of Whitehall v. Pettes,* 13 Vt. 395. *Lewis* v. *Avery,* 8 Vt. 287. *Avery* v. *Lewis et al.,* 10 Vt. 332.

2. The action is well brought in the name of Chase; he, having the legal interest in the judgment and execution, retains it for all purposes of enforcing that judgment; and although the equitable owner of the judgment might have brought the action in his own name, there is no reason, why the *legal* owner should not have the same right. It might be necessary for Chase, under some circumstances, to enforce his own rights, even in this very action. *Tichout* v. *Cilley,* 3 Vt. 415. *McGregor* v. *Walden,* 14 Vt. 450. 1 Chit. Pl. 15–19. *Brigham* v. *Clarke,* 20 Pick. 43. *Coolidge* v. *Ruggles,* 15 Mass. 387. *Strong* v. *Riker,* 16 Vt. 554. *Stiles v. Farrar,* 18 Vt. 444.

3. The officer having levied the execution upon the property attached on the writ, and advertised it for sale, and having been furnished with a bond of indemnity, which he accepted within the life of the execution, it was his duty to sell the property and apply it upon the execution, unless he can excuse himself upon the ground that the property did not belong to the debtor; and if he would do so, he must show that fact.

The opinion of the court was delivered by

DAVIS, J. Two questions, affecting alike the right of the plaintiff Chase, and that of Hosley, the real owner of the judgment and

execution against Headle, to recover against the defendants, have been adverted to, but not much insisted upon ; one, that the execution was informal, in omitting the command to the officer to dispose of the goods of the debtor,—the other, that Hosley had controlled the execution, while in the hands of Josselyn, the constable, so that neither he, nor the town, was responsible for the omission charged in the declaration. The ruling of the county court was correct on both of these points.

Mere formal defects in the process, not rendering it void, even if considerable enough to cause it to be abated, quashed, or set aside as irregular, on proper motion, or plea, by the party directly affected by it, but which, if not so moved, do not affect the legal validity of the process, can never be interposed by the officer, in whose hands it is placed for service, as a shield to protect him from the consequences of plain derelictions of duty in respect to it. *Fletcher* v. *Motte et al.* 1 Aik. 339.

The directions to the officer, upon the suggestion of a doubt by him, whether the hay and grain attached on the writ could be legally holden as the property of the debtor, to make inquiries into the matter before levying upon it, followed, as they were, by giving to him such indemnity as he required, and by explicit orders to proceed and sell the same, and also to take and dispose of another article, which had not been attached on the writ, certainly present a case as far as possible removed from such a control, as would exempt the officer from responsibility. It was rather superadding to the ordinary requirements of the law explicit directions in respect to the collection of the execution, which, under the circumstances, he was not at liberty to disregard.

But the main question raised is, whether Chase, who had assigned the note, on which the judgment is founded, to Hosley, before suit brought, can sustain this action ; or rather, whether the latter can do so in the name of the former, or only in his own name ;—for it is apparent enough, that the latter, for his own benefit, commenced and prosecutes this suit, as he did that against the original debtor, in the name of Chase.

It is doubtless true, upon the authority of the case of *McGregor* v. *Walden,* 14 Vt. 450, that Hosley could have maintained the action in his own name. The cases are in every essential particular

identical.  In both, the party beneficially interested took the sole control and management of the matter, with the full knowledge of the officer.  In both a privity was thus established, which would enable the assignee to call upon the officer, and consequently the town, directly in his own name, for any default, or omission of duty, in not collecting the execution.  But we think he could equally enforce his just claims in the name of the nominal creditor, in whose name alone he could bring the original action, and in whose name only he could enforce any direct or collateral remedies, as against the judgment debtor, his bail and recognizors.  The course adopted here is the natural and usual one ; and although circumstances may exist, which would justify a resort to an action in the name of the equitable assignee, still those circumstances can never preclude the right to sue in the name of the record party.

The judgment of the county court is therefore affirmed.