JOHN BRADLEY v. JOHN E. CHAMBERLAIN.

*Practice. Action. Officer.*

In an action against a sheriff for not paying over to the plaintiff an execution which he had collected in his favor, the defendant set the case down on the docket, "*not for the jury,*" and applied for a continuance, which the court refused to grant, and entered judgment for the plaintiff and continued the case for the assessment of damages; *Held,* that at the trial upon the assessment of damages, it was not necessary for the plaintiff to introduce any evidence to show his right to recover, that question having been concluded in his favor by the judgment, but that the inquiry should be limited to the *amount* of the damages; and that upon the plaintiff's merely proving that the sheriff had collected the execution, and had not paid it over to him, he was entitled to recover the full amount of the execution.

If the real ownership of a judgment and execution be in a different party from the creditor of record, and the officer who collects the execution neglects to pay over the money so collected, the action against him for such neglect may be brought either in the name of the creditor of record, or in that of the real owner of the judgment; and, other things being equal, the rule of damages is the same in either case.

CASE against the defendant, as sheriff of Orange County, for the neglect of his deputy, Henry Godfrey, to pay over to the the plaintiff the amount of an execution in favor of the latter against Daniel Tarbell, Jr., which Godfrey had collected.

The declaration described particularly the judgment in favor of the plaintiff against Tarbell, and alleged the issue of an execution thereon, the fact that the defendant was the sheriff of Orange County, and that Godfrey was his deputy, the delivery

of the execution to Godfrey for collection, its collection by him, and his neglect to pay the money so collected to the plaintiff according to law.

It appeared that at the November Term, 1855, the case was set for trial by jury by the plaintiff, and that the defendant set it "not for the jury," and applied for a continuance, but that the court refused to grant a continuance, and entered judgment for the plaintiff, without the introduction of any evidence, and that the case was continued for the assessment of damages until the November Term, 1856, when it was tried by the court,—PECK, J., presiding.

The plaintiff proved that the judgment described in the declaration was the property of Mixer & Pitman at the time it was rendered; that the execution issued on this judgment also belonged to Mixer & Pitman; that it was delivered to Godfrey for collection; that Godfrey had collected the execution of Tarbell, but refused to pay it to the plaintiff on account of his having been summoned as the latter's trustee in a suit against the plaintiff, and also that when the plaintiff's attorney demanded payment of Godfrey of the amount he had collected on the execution, on being informed of this objection to his paying it, he notified Godfrey that the execution belonged to Mixer & Pitman.

The plaintiff also proved that the execution in question had not been returned, and that no part of the judgment had been paid, except to Godfrey upon the execution. No other evidence was offered by the plaintiff, except that it was proved that the suit against the plaintiff, in which Godfrey was summoned as trustee, had terminated, and that the trustee had been discharged.

The defendant insisted that upon this evidence the plaintiff could recover only nominal damages, because he was not the owner of the judgment against Tarbell, and also because there was no proof of the rendition of the judgment, or that the defendant was sheriff, or Godfrey deputy sheriff.

But the court rendered judgment that the plaintiff recover the amount of the execution and interest, and decided that the judgment, which had been entered for the plaintiff in this case at the previous term, concluded the defendant from raising any objection to the right of the plaintiff to recover, or to the regularity of the

Bradley v. Chamberlain.

original judgment, or from questioning the allegation in the declaration that the defendant was sheriff and Godfrey his deputy, to which the defendant excepted.

*E. .R. Hard*, and *J. French*, for the defendant.

1. The judgment ordered for the plaintiff only entitled him to nominal damages.

In all actions where the damages are unliquidated, the plaintiff, after judgment in his favor, must go forward and show the nature and extent of his injury, or rest content with nominal damages. If the plaintiff here claimed more than nominal damages, he was bound to show what his damages were, and to do this it was necessary for him to prove the judgment ·against Tarbell, and that the defendant was sheriff and Godfrey was his deputy; *Hyde* v. *Moffatt*, 16 Vt. 284; *Bates* v. *Loomis*, 5 Wend. 134; *Center* v. *Jones*, 25 E. C. L. 283; *Lewis* v. *Wells*, 32 E. C. L. 497.

2. At most the judgment, having been rendered without trial, only established the right of the plaintiff, *prima facie*, to recover the damages claimed; and any matter, which might have been given in evidence under the general issue to defeat the action, should be allowed in mitigation of damages; *Collins* v. *Smith*, 16 Vt. 10; *Webb* v. *Webb*, *id.* 636.

The case finds that Mixer & Pitman were the assignees of the judgment against Tarbell, and that the default of the defendant's deputy accrued while they were the owners of the judgment. The action, therefore, should have been brought by Mixer & Pitman, their rights alone being affected by the default, and no action can be maintained in favor of Bradley.

The action is case, sounding in tort, and can be maintained only by the parties whose rights have been affected. Had the action been brought before the judgment, or in its present form before the assignment, it must have been in the name of Bradley. But Mixer & Pitman being the assignees of the judgment, and the injury having been sustained after they became such, an action on the case for that injury can be maintained only by them; *McGregor* v. *Walden*, 14 Vt. 450; *Phillips* v. *Robinson*, 4 Bing. 106; *Clowes* v. *Hawley*, 12 Johns. 484; *Taylor* v. *Bates*, 5 Cow. 376; 1 Chitty's Pl. 66, 123.

*Daniel Roberts* and *L. E. Chittenden*, for the plaintiff.

1. The fact that it was proved on the assessment of damages, that although the legal interest in the judgment was in the plaintiff, yet the beneficial interest and ownership of it was in another party, for whose benefit this action was brought, constitutes no bar to the recovery of the full amount of the execution, because an action of tort may always be brought in the name of the party having the legal interest in the subject matter, although another party may be equitably entitled to the damages when recovered; *Lord* v. *Bishop*, 18 Vt. 141; *Chase* v. *Plymouth*, 20 Vt. 469.

2. The defendant is concluded from setting up this defence, if it ever existed, by the judgment against him on the declaration. This judgment establishes every material averment in the declaration, and is conclusive upon the right of the plaintiff to recover according to those allegations. The assessment of damages then becomes a mere matter of computation, and it is not claimed there is any error in computing the amount due upon the execution.

PIERPOINT, J. It is insisted by the defendant that the judgment rendered in favor of the plaintiff only entitles him to nominal damages. In order to determine the correctness of this position, it is necessary to inquire what the effect of that judgment is upon the rights of the parties. So far as the questions in this case are concerned, we think this judgment must be regarded in the same light that it would have been if it had been rendered upon a demurrer to the plaintiff's declaration. The same facts are to be regarded as conceded or established, and the defendant is to be concluded to the same extent in the one case as in the other. Every fact alleged in the declaration which it would have been necessary for the plaintiff to establish by proof, to entitle him to a judgment, is to be regarded as established by this judgment; indeed, the defendant virtually concedes this by admitting that the plaintiff is entitled to nominal damages. What then was necessary in this case to entitle the plaintiff to a judgment, or in other words, what must he have proved under the general issue, in order to recover? The plaintiff has alleged in his declaration, and must have proved on trial, the existence of the judgment in his favor against Tarbell, with its exact

description and amount, the issuing of an execution on that judgment, the fact that the defendant was a sheriff, the delivery of the execution to him or his deputy, and the neglect of the defendant or his deputy to collect and pay over the amount thereof, or to return it according to law. All this was necessary to entitle him to a judgment for any amount, and, when proved, clearly entitled him, *prima facie*, to a judgment for the whole amount for which such former judgment was rendered, and the execution issued.

The same rule must apply in this case that would be applicable in an action upon a note of hand, or any other contract where the cause of action must be proved precisely as alleged, and when proved furnishes of itself a rule of damages. And in all such cases, when a judgment is rendered for the plaintiff, he is entitled to the amount of damages indicated by such rule, in the absence of all proof to vary it; and the form of action can make no difference in this respect. A variance between the proof of the judgment and execution, and the allegations in the declaration, would be just as fatal in this case as though the action sounded in contract. We think, therefore, that when judgment was rendered for the plaintiff, he was *prima facie* entitled to a judgment for the whole amount due upon the execution. Upon the hearing for the assessment of damages, it was competent for the defendant to vary this rule by proof. And in introducing that proof, he should be limited to such testimony as operates upon the amount of damages, and not upon the right of action only; he may show that the entire amount of the judgment has been paid, thus reducing the damages to a mere nominal sum. The same proof would have been admissible under the general issue to defeat a recovery, but is admissible after judgment, as in this case, only on the ground that it affects the damages. So on the other hand, evidence which *only* goes to the *right of recovery* is not admissible after judgment, as the party is precluded by such judgment, as to that question.

As in this case, the defendant did not introduce or offer any evidence tending to reduce the damages, and the plaintiff having shown that the entire amount of the execution had been collected by the defendant's deputy, and that he had neglected to pay over

the money, or return the execution, it is clear that the defendant was liable for the whole amount.

But it is insisted that the owners of the judgment, Mixer & Pitman, can recover in the name of this plaintiff only nominal damages. That Mixer & Pitman could have sued in their own names seems to be well settled. The case of *McGregor* v. *Walden*, 14 Vt. 450, fully established that doctrine in this State. But we think it equally well settled that they may pursue their remedy in the name of the plaintiff in the original judgment. The case of *Chase* v. *Plymouth*, 20 Vt. 469, is decisive on this point. Indeed, in an action of this character, when the fact is established that the plaintiff is entitled to a judgment for any amount, it is difficult to see why that judgment should not be for the whole amount of damages that result from the cause of action declared upon.

The judgment of the county court is affirmed.