## MOREY *v.* KING, FULLER & CO.

*Part Performance and Wrongful Termination of Contract. Interlocutory Judgment. Evidence. Pleading. Damages. Exceptions. Gen. Sts. c.* 30, *s.* 60.

An interlocutory judgment for plaintiff determines every fact alleged in the declaration but for such judgment, plaintiff would have to prove to establish his right to recover, and precludes the parties from introducing any evidence to enlarge, lessen, or defeat the right so determined. Thus, where the declaration set out a contract by which plaintiff agreed to do certain work, and defendants agreed to pay therefor at certain prescribed rates, and alleged that plaintiff had in part performed his agreement, but that defendants had not paid him, and had prevented him from completing performance, and judgment was rendered for plaintiff on a motion by defendants for a continuance, and the case continued for the assessment of damages, it was *held* that the judgment finally determined in favor of plaintiff the existence of the contract set out, the amount of work alleged to have been done under it, the failure of defendants fully to pay therefor, and the wrongful termination of the contract by defendants.

The declaration set out a contract by which plaintiff agreed to construct all the culvert masonry, cattle passes, and excavating foundation pits on certain sections of railroad, and defendants agreed to pay at certain prescribed rates for all culvert masonry and excavating foundation pits so constructed, and for all paving done, and alleged that after the contract was in part performed, plaintiff was by defendants wrongfully prevented and discharged from any further performance thereof. *Held,* that the plaintiff could recover for the profits he would have received if he had been permitted to complete the work he had agreed to do, but which, by reason of such wrongful discharge, he did not receive; but that, as by the contract declared upon he had not agreed to do the paving, he could not recover for being prevented from completing it.

The declaration alleged that under the contract declared upon, the work was to have been done on July 1st, and that on June 1st defendants stopped plaintiff from going on with it. Plaintiff was allowed to show that he was stopped in the following November. *Held,* that as the showing of a breach in November tended to show smaller damage to plaintiff than a breach in June, there was no error of which defendants could avail themselves.

The contract declared upon provided that plaintiff should do the work to the satisfaction of the railroad company in "accordance with the instructions and directions" of its engineer, and agreeably to the specifications adopted, which it was agreed should govern the execution of the contract. *Held,* that that provision did not give defendants the right, under directions of the engineer, to stop, but only to direct, the execution of the work agreed to be done.

Plaintiff offered in evidence the written contract under which the labor was performed, to the admission of which defendants objected, for its alleged variance from the contract set out, none of which tended to increase the amount of damages.

The contract was admitted, and defendants excepted; but the exceptions did not show that any particular question of variance was raised and passed upon in the County Court. *Held*, not revisable, both because the variance did not tend to increase the damages, and because it did not appear that the question was raised and passed upon in the County Court, as, under *s.* 60, *c.* 30, Gen. Sts., the variance not being "material and substantial," it should have done.

ASSUMPSIT. Plea, the general issue. At the September Term, 1875, the defendant set the case not for the jury, and moved for a continuance ; but the court refused to grant it, and, without hearing any evidence, rendered judgment for the plaintiff, continuing .the case for the assessment of damages until the April Term, 1876, when it was tried by a jury, ROYCE, J. presiding.

The declaration was in the common counts, with a special count, alleging that by a certain agreement made between the plaintiff and the defendants on October 4, 1871, the plaintiff agreed " to construct all the culvert masonry, cattle passes, and excavating foundation pits for the same, on sections nine to eighteen inclusive, on division two of the Lamoille Valley Railroad, at the following prices : for excavating foundation pits, thirty cents per cubic yard ; for culvert masonry, three dollars and fifty cents per-cubic yard ; for paving, one dollar and forty cents per cubic yard, and to fully complete the same on or before the first day of July, 1872, in a thorough and workmanlike manner, to the satisfaction and acceptance of the Lamoille Valley Railroad Company, and in strict accordance with the instructions and directions of the engineer of said company, and agreeably to the specifications adopted by them ; that the defendants " agreed, and promised the plaintiff, to pay him the sum of thirty cents per cubic yard for all excavating foundation pits, three dollars and fifty cents per cubic yard for all culvert masonry, and one dollar and forty cents per cubic yard for all paving " done on said sections ; that in consideration thereof, and that the plaintiff at the request of the defendants had promised them to peform the said agreement on his part, the defendants promised to perform the same on their part; and that although the plaintiff had always performed on his part, and did on October 4, 1871, enter upon said work, and make seven hundred and forty-seven cubic yards of culvert masonry, three hundred and eighty-five .yards of paving, and twelve hundred and

39

sixty-four cubic yards of excavating foundation pits, to the satis-
faction of said railroad company, and had always been ready to
complete said work, yet the defendants, contriving, &c., did not
nor would pay the plaintiff for the work so done and performed,
but had on the contrary neglected and refused so to do, and, fur-
ther disregarding said agreement, on June 1, 1872, did not nor
would permit the plaintiff to proceed to complete said work, but
hindered and prevented him from so doing, and wrongfully dis-
charged him from any further performance of said agreement.

The plaintiff offered in evidence under the special .count, a
written contract* between the plaintiff and the defendants, dated
October 4, 1871, by which the plaintiff agreed to construct certain
culverts, masonry, cattle passes, excavating foundation pits, and
paving on the Lamoille Valley Railroad, at certain stipulated
prices, and to complete the work by July 1, 1872, in a workman-
like manner, to the satisfaction and acceptance of the railroad
company, in " accordance with the instructions and directions "
of its engineer, and agreeably to the specifications adopted, which
it was agreed should govern the execution of the contract.    To
its admission the defendants objected, for that there was a fatal
variance between it and the contract alleged ; but the court over-
ruled the objection and admitted the contract, except so far as it
related to paving ; to which the defendants excepted.

It appeared that the plaintiff began work under said contract
immediately after its .date, and worked until April, 1872, when
there was a temporary suspension by the direction of the engineer
of the Lamoille Valley Railroad Company and the defendants ;
that the time for performance having been enlarged under a stip-
ulation in the original contract not set out in the declaration, the
plaintiff afterwards recommenced work, and continued until the
last of November, when he was again ordered to stop by the com-
pany's engineer ; that he then ceased work, and subsequently
called upon the defendants, who informed him that they had been
stopped in their work as contractors by the railroad company,
and that he must stop ; that the defendants did not cause work
to be laid out for the plaintiff, so that he might carry out said

*Which was not furnished the Reporter.

contract, notwithstanding his repeated demands therefor ; that at the time of the stopping of the work the plaintiff had under said contract, done a portion of the excavating foundation pits and constructed a part of the culvert masonry and cattle passes, and that a certain portion was then not done.  The plaintiff then offered to show that he had done a certain amount of paving, and that there was a certain amount still to be done, to which the defendants objected ; but the court overruled the objection and admitted the testimony, to which the defendants excepted.

The plaintiff further offered to show what profits he might have made if he had completed all the work under said contract, to which defendants objected ; but the court overruled the objection and admitted the testimony ; to which the defendants excepted. The defendants requested the court to charge, among other things, that the plaintiff was not entitled to recover under either count in the declaration as damages, any probable or prospective profits he might have made if he had completed his contract; and that he was not entitled in any event to recover as damages under either count any probable or prospective profits he would have made had he completed the paving.

The court declined so to charge, but charged that the plaintiff would be entitled to recover under the general counts for work actually done ; and that he would be entitled to recover under the special count as actual damage the profits that he would or could have made upon the work that was left undone, including paving, if he had been permitted to complete it ; and directed the jury to find specially what profit the plaintiff could have made on the paving that he was not permitted to do.

To the refusal to charge as requested, and to the charge given, the defendants excepted.

The jury found for the plaintiff to recover $1022.24 damages, and that he would have made $115.70 profit on the paving that he was to do under the contract, but which was not done.

*Edson, Rand & Edson,* for the defendants.

As to the right to recover profits, it is to be observed that in this case no claim is made for damages on account of the plain-

tiff's having been ready to perform. The sole loss is the loss of profits. The policy of the law is opposed to the recovery of such damages. Such a proceeding must, in the nature of things, be a matter of guess-work, both on the part of the witnesses and the jury. Chancellor KENT says that speculative profits will not be allowed; and Judge STORY gives his views on the subject in the case of *Schooner Lively*, 1 Gallison, 314. See, also, *The Amiable Nancy*, 3 Wheat. 546; *Gelpins* v. *Consequa*, 1 Pet. C. C. 85; *Blanchard* v. *Ely*, 21 Wend. 342.

The contract offered in evidence under the first count was not the contract set up in the declaration. The declaration omits any averment as to paving. *Gowry* v. *Ward*, 25 Vt. 217; *Passumpsic Bank* v. *Goss*, 31 Vt. 315, 321; *Allen* v. *Lyman*, 27 Vt. 20; *Hyde* v. *Moffatt*, 16 Vt. 284; *Curley* v. *Dean*, 4 Conn. 259, 264; *Russell* v. *South Britain Society*, 9 Conn. 508; *Kellogg* v. *Denslow*, 14 Conn. 411; 1 Smith Lead. Cas. 556.

The contract provides that the work shall be completed by the first day of July, 1872; but no breach on the part of the defendants was proven prior to that date. The breach proven was in November, 1872. While it undoubtedly is true that the parties could, and probably did, waive the time and continue the obligations of the contract, still, the loss of profits complained of was not incurred under the contract as set up in the declaration, but under a contract varied in the essential particular that no time was prescribed in the amended contract as to the time in which the work was to be done by the plaintiff. The plaintiff should have averred the amendment or alteration of the contract by mutual consent, and a subsequent breach.

But assuming that the declaration properly and sufficiently recites the contract, and that loss of prospective profits can be recovered, by the terms of the contract itself the plaintiff cannot recover. The defendants were contractors for building the Lamoille Valley Railroad, and plaintiff was a sub-contractor under them. The contract with plaintiff was made subordinate to the contract of the defendants with the railroad company, as it is expressed, " and in strict accordance with the instructions and *directions* of the engineer of said company, and agreeably to the

specifications adopted by them, *which it is hereby agreed shall govern the execution of this contract.*" The words italicised were not set up in the declaration.

'The time for the completion of the contract was changed by mutual consent, and the plaintiff finally stopped work by the direction of the engineer of the railroad company, and not by direction of the defendants. The stoppage of the work, then, was not a violation of the contract but in accordance with it.

*Wilson & Hall*, for the plaintiff.

The omission of the word *paving* in the recital of plaintiff's agreement in the contract, is fully supplied by the statement in the same connection, of the prices he was to receive by the terms of the contract for paving, and by the allegations found in the declaration that defendants, by the contract, agreed to pay plaintiff one dollar and forty cents per cubic yard for the paving; that plaintiff, in pursuance of said contract, did 385 cubic yards of paving, and would have done the whole amount stipulated in the contract had he not been prevented by the act of the defendants; and that the defendants neglected and refused to pay the plaintiff for the paving. *Maxfield* v. *Scott*, 17 Vt. 634; *Passumpsic Bank* v. *Goss*, 31 Vt. 315, 321; *Allen* v. *Lyman*, 27 Vt. 20; *Cross* v. *Richardson*, 30 Vt. 641; *Lewis* v. *Pratt*, 48 V.t. 358; *Gotleib* v. *Leach*, 40 Vt. 278.

But if incorrect in this view, the defendants are precluded by the judgment against them, upon all questions of variance, and all supervening matters of defence. The only question after judgment and upon assessment of damages, is as to the amount which plaintiff shall have judgment for.

Had this objection been well taken on trial before judgment, then it was in the power and the duty of the court to have granted an amendment that would have permitted plaintiff to prove and recover his entire damages. 1 Chit. Pl. 289; *Sweet* v. *McDaniels*, 39 Vt. 272; *Briggs* v. *Gleason*, 32 Vt. 472; *Bowman* v. *Stowell*, 21 Vt. 309; *Kimball* v. *Ladd*, 42 Vt. 747; *Brintnall* v. *S & W. R. R. Co.* 32 Vt. 665; 1 Phil. Ev. 851; *Craig* v. *Ward*, 36 Barb. 377.

The instructions of the court relative to plaintiff's right to

recover as damages whatever the jury found he might have made as profit upon the whole work contracted to be done, had he not been prevented by the defendants from completing it, is fully sustained by many adjudged cases. *Chamberlin* v. *Scott*, 33 Vt. 80; Sedgw. Dam. 75 *et seq.; Derby* v. *Johnson*, 21 Vt. 17; *Fox* v. *Harding*, 7 Cush. 516; *Durkee* v. *Mott*, 8 Barb. 423.

The opinion of the court was delivered by

Ross, J. The questions reserved in this case all arise upon the assessment of the damages. At a previous term, the defendants set the case "not for the jury," and applied for a continuance, which was refused, and judgment was rendered against them without the introduction of any evidence. The case was then continued for the assessment of damages. This preliminary judgment determined the plaintiff's right to recover damages for every breach of the contract properly set forth in the declaration, and precluded the parties from introducing any evidence that would defeat, enlarge, or lessen the right of recovery set forth in the declaration. They were thereafter limited to such evidence as operated upon the amount of damages sustained from the breaches of the contract legally set forth in the declaration. *Webb* v. *Webb*, 16 Vt. 636; *Hyde* v. *Moffat*, 16 Vt. 271; *Bradley* v. *Chamberlain*, 31 Vt. 468; *Sweet* v. *McDaniels*, 39 Vt. 272; *Chamberlin* v. *Murphy*, 41 Vt. 110. This judgment definitively and finally determined in favor of the plaintiff every fact alleged in the declaration that, but for it, he would have been bound to have proved, to establish his right of recovery. *Bradley* v. *Chamberlain*, 31 Vt. 468. It established in his favor the existence of the contract set forth in the declaration, the amount of work alleged to have been done by the plaintiff under the contract; the failure of the defendants fully to pay for the same; and the wrongful termination of the contract by the defendants. It left to be determined the extent of the failure of the defendants to pay for the work alleged to have been performed by the plaintiff, and the extent or amount of damages occasioned by the wrongful termination of the contract. The defendants make no question in regard to the extent of their failure to pay for the

work actually performed by the plaintiff under the contract declared on.

The defendants excepted to the ruling of the court allowing the plaintiff to use in evidence the contract under which the labor had been performed, on the ground that there was a fatal variance between it and the contract set forth in the special count. The exceptions fail to state that any particular variances were pointed out to, and passed upon by, the County Court. It is provided by s. 60, c. 30, Gen. Sts., " In any case of exceptions before the Supreme Court, no questions of variance between the pleadings in the suit and the evidence, shall be permitted to be raised and insisted upon, *except such as it shall appear from the exceptions were raised and passed upon in the County Court*, unless such variance is material and substantial, affecting the very right of the matter." Under this statute, it is not enough to except to the admission of evidence by the County Court on the general ground of variance, unless it is " material and substantial, affecting the very right of the matter." To have such exceptions considered by this court, the exceptions must state the particular variance relied upon, and the judgment of the County Court thereon. The right of the plaintiff to recover had been established by the preliminary judgment ; hence, the variances claimed could not be heard against that right. The variances argued are failures to set out in the special count certain portions of the written agreement under which the work was done. None of them tended to increase the amount of damages, except the one which included the " paving" within the contract, and the court rejected the written contract in that particular. There was no error in the action of the County Court in receiving the contract against this exception, both because the exceptions do not properly raise the question of variance, and because the variances relied on did not tend to increase, but rather to diminish, the damages recoverable in the case, the only subject on which they could legitimately operate.

II. The defendants insist that by the terms of the written contract put in evidence, the plaintiff is not entitled to recover any

damages for not being allowed to complete the work named in the contract. They rely upon that clause in the contract by which the plaintiff agreed to complete the work by July 1, 1872, in a workmanlike manner, to the satisfaction and acceptance of the railroad company, and in " accordance with the instructions and directions " of its engineer, " and agreeably to the specifications adopted by them, which, it is hereby agreed, shall govern the execution of this contract." They claim that under this clause, they reserved the right to stop the plaintiff permanently in the execution of the contract, if the company's engineer so directed. If " which," in the clause, relates to the " instructions and directions of the engineer," for its antecedent, rather than " specifications " (and this may be doubted), the fair construction and meaning of the sentence does not reserve to the engineer the power to direct the permanent *stopping* of the execution of the contract, but to give directions as to the *execution* of the work included in the contract.

The defendants also claim that it was error to allow the plaintiff to show a breach of the contract stated in the declaration, by stopping the work in November, 1872, instead of June, 1872, as alleged in the special count, and that no breach of the contract could be shown subsequent to the time the plaintiff was to have completed the work according to the contract set out in the declaration. The proof showed that this time had been enlarged under a stipulation in the original contract not included in the declaration. On the assessment, it would have been error of which the defendants could have complained, if it had tended to enlarge their liability as established by the preliminary judgment. But it operated to their benefit in this particular, as it lessened the amount of unperformed work, and so lessened the amount of profits that the plaintiff lost by the termination of the contract. It is as to the recovery of these profits alone that all the objections and exceptions of the defendants are aimed. Hence there was no error in this respect of which the defendants can avail themselves.

III. The defendants further insist that damages for not being allowed to perform all the work included in the contract, are in

the nature of profits—too remote, and speculative.  Under certain circumstances, expected profits are held to be speculative, and too remote to constitute an element of legal damage.  The rule, that a party is entitled to recover the loss, occasioned by the wrongful termination of a contract, of profits that he would have received by the performance of the contract, is too well established to require the citation of authorities to support it.  Such damages are the direct and immediate consequence of the wrongful termination of the contract.  Hence, the loss of profits sustained by the plaintiff by the wrongful termination of the contract by defendants, and which profits he would have received if allowed to have performed the contract set forth in the declaration, the plaintiff is entitled to recover.

By that contract the plaintiff was under no legal obligation to do the paving on the sections of the railroad named.  The most that is alleged in the special count is, that the defendants agreed to pay him a certain price per yard for what paving he did.  It fails to allege that he agreed to do all the paving on the sections named, or that they agreed he might do it.  The preliminary judgment did not establish the right of the plaintiff to do the unperformed paving.  That judgment establishes the rights of the defendants as well as those of the plaintiff, and precludes both parties from varying by evidence their rights so far as they were thereby established.  As the defendants cannot diminish the plaintiff's rights of recovery as established by the preliminary judgment, neither can he enlarge them.  Hence the County Court properly excluded the written contract so far as it showed that the plaintiff was legally holden to do all the paving on the sections named ; but it erred when it included in the judgment for the plaintiff the profits which he would have received if allowed to have done all the paving.  Such profits are only recoverable upon the ground that the plaintiff, by the preliminary judgment, had the legal right to do all the paving.  By including these profits in the judgment, the County Court allowed the plaintiff to enlarge the liability of the defendants beyond what it had been established to be by the preliminary judgment.  For this reason, the judgment of the County Court must be reversed, and judg-

ment is rendered for the plaintiff to recover the amount of the judgment of the County Court, less $115.70, the profits that plaintiff would have realized on the paving, with interest on the balance from the rendition of the judgment of the County Court to the time of the present judgment.