## E. T. SEAVER v. ARTHUR WILDER.

### May Term, 1895.

*Assessment of damages by clerk. Evidence limited by pleadings. Accord and satisfaction must be pleaded.*

1.  If judgment be given for the plaintiff and the case referred to the clerk for the assessment of damages, he can only receive upon that hearing evidence legally admissible under the pleadings.
2.  Accord and satisfaction cannot be given in evidence as a defence unless presented by special plea or by notice with the general issue.

Assumpsit. Pleas, the general issue, payment and offset. At the February term, 1895, Orleans county, the plaintiff had judgment and the case was referred to the clerk for the assessment of damages. Heard at the February term, 1896, upon report of the clerk, Thompson, J., presiding. Judg-

ment for the plaintiff in the sum found due. The defendant excepts.

*W. W. Miles* for the defendant.

Upon an assessment of damages by the clerk evidence may be received irrespective of the pleadings. *Chamberlin* v. *Murphy*, 41 Vt. 110; *Collins* v. *Smith*, 16 Vt. 9; *Morey* v. *King, Fuller & Co.*, 49 Vt. 304.

*O. S. Annis* for the plaintiff.

Evidence of an accord and satisfaction is not admissible upon an assessment of damages after judgment for the plaintiff. *Chamberlin* v. *Murphy*, 41 Vt. 110; *Collins* v. *Smith*, 16 Vt. 9; *Sweet* v. *McDaniels*, 39 Vt. 272; *Cook* v. *Skelton*, 61 Am. Dec. 250; *Garrard* v. *Dollar*, 67 Am. Dec. 271.

ROSS, C. J. This is an action of assumpsit in the common counts. The defendant pleaded non-assumpsit, payment, and filed a declaration in set-off. While the pleadings were standing thus, the court rendered an interlocutory judgment for the plaintiff, and referred the assessment of damages to the clerk. On the assessment before the clerk, against the exception of the plaintiff, the defendant was allowed to introduce testimony which he contends establishes an accord and satisfaction of the cause of action, found by the clerk to exist in favor of the plaintiff. The interlocutory judgment conclusively established the right of the plaintiff to recover upon the pleadings, as they then existed. Only, the question of damages was open. On this question the parties were by the judgment limited to the use of such evidence as was admissible in the ascertainment of the damages. *Collins* v. *Smith*, 16 Vt. 9; *Webb* v. *Webb*, 16 Vt. 636; *Hyde* v. *Moffat*, 16 Vt. 271; *Bradley* v. *Chamberlin*, 31 Vt. 468; *Sweet* v. *McDaniels*, 39 Vt. 272; *Chamberlin*

v. *Murphy*, 41 Vt. 110; *Morey* v. *King*, *et als.*, 49 Vt. 304. The judgment of the county court on the facts reported by the clerk, in assessing the damages, disregarded the defendant's claimed accord and satisfaction of the cause of action. To this judgment the defendant excepted. This exception raises the question whether an accord and satisfaction of the cause of action could be shown under the pleadings. If it could not be shown under the pleadings, it is immaterial to inquire whether the facts found by the clerk establish an accord and satisfaction of the cause of action. Accord and satisfaction is special matter of defence and not available to the defendant unless specially pleaded, or unless when pleading the general issue, the defendant gives notice in writing that he will give it in evidence under the general issue and rely upon it as defense of the action. V. S. 1149 allows a defendant, under the plea of the general issue to give in evidence special matter in defense, or justification, by giving notice in writing, with the plea, of such special matter and that he will rely upon it; and provides "no special matter shall be allowed in evidence except such as is particularly mentioned in such notice in writing." Then V. S. 1150 provides, that in actions of assumpsit, "if the defendant pleads the general issue, but relies on special matter of defense, or payment, release accord and satisfaction," etc., "he shall file with such plea * * * a notice in writing specifying the intended matter of defense under such plea."

The defendant neither pleaded the special matter which he now claims to establish an accord and satisfaction of the cause of action nor gave notice in writing thereof as required by these sections of the statute. If no interlocutory judgment had been rendered, under these provisions of the statute, the defendant could not lawfully give in evidence any facts tending to establish an accord and satisfaction of the cause of action. Inasmuch as the evidence on this subject was admitted by the clerk wrongfully, and against the exception

óf the plaintiff, the county court properly disregarded all facts found by the clerk from such evidence, in rendering the final judgment.

Disregarding such facts no error in the judgment is claimed.

*Judgment affirmed.*