WILLIAM P. BRIGGS *v.* ROLLA GLEASON.

*Practice.*

A party who has set a cause down "not for the jury," and has failed to show to the court a good cause of continuance, is not entitled to have the damages assessed by the jury.

ALDIS, J.   The plaintiff set the case down "not for the jury," which means, by long settled practice, that he shall show good cause for a continuance, or submit to a judgment against him.

After thus setting the case down, has he the right to have the damages assessed by the jury?   We think not.   He thereby declares of record that there is nothing in his case which he claims to have tried by jury.   If damages are to be assessed he thereby waives the assessment of them by the jury, and submits that question to the court.   This construction has, we beleive, been uniformly given to this entry throughout the State.

Strictly speaking, in ordinary cases, there can be no perfect judgment without an assessment of damages.   For although it is the frequent practice of the courts to enter judgment and continue the case for the assessment of damages, still, such judgments are only **interlocutory, like** judgments by default, or *nil dicit*, and are not complete till the damages are assessed.   The entry, "not for the jury," implies, if there is no cause for continuance, that the party shall have a perfect judgment without the intervention of a jury.