## JONATHAN T. SWEET *v.* THOMAS McDANIELS.

### *Promissory Notes. Practice. Damages. Gambling.*

The defendant having failed upon his motion for continuance, and judgment having thereupon been rendered against him without trial upon the merits of the case, he cannot, on the question of damages, be allowed to open matters affecting the validity of the contract, or to show some supervening matter of defence.

The action was general assumpsit; the plaintiff filed a specification of his claim describing three notes. The defendant set the case down, "not for the jury," but failed and neglected to show sufficient cause for continuance, and judgment was rendered for the plaintiff. The defendant claimed a hearing in respect to the assessment of damages, and offered to show that the consideration for the notes described in the specification was for money won of the defendant in gambling, and that the plaintiff had promised upon consideration to surrender the notes. *Held,* that this evidence was properly excluded.

THIS was an action of *indebitatus assumpsit,* on the common counts for money, work, labor, and materials, and goods sold, etc. The writ was returned to, and entered in the county court at its June Term, 1866, and the plaintiff's attorney then indorsed on the writ a statement that the sole claim of the plaintiff in this action was upon three promissory notes, dated the 12th day of July, 1861, and signed by the defendant—one for two hundred dollars, payable to the order of the plaintiff, in three months after date, one for two hundred dollars, payable to the plaintiff on the first day of January, and one for one hundred dollars, payable to the plaintiff in one day from date. The defendant, at the said June Term, appeared by his attorney, but filed no affidavit showing that the suit was disputable, as required by the provisions of the 5th rule of the court, and the action was continued to the present December Term, 1866, KELLOGG, J. presiding. In the vacation after the June Term, the plaintiff, under an order of the court, filed a specification of the particulars of his claim or demand. No special or other plea in the action having been filed by the defendant, the action stood for a trial by jury at the present term on the defendant's plea of the general issue, agreeably to the provisions of the 23d rule of the court. At the present term, the action, before it came on for trial by jury, and while it stood upon the jury calen-

Sweet *v.* McDaniels.

dar was set down as "not for the jury" by the defendant, but the defendant failed and neglected to show any sufficient reason for a continuance of the suit; and the plaintiff being thereupon, under the rules of the court, entitled to a judgment, judgment was accordingly rendered in favor of the plaintiff against the defendant. To the rendering of this judgment no exceptions were taken. The defendant then claimed a hearing in respect to the assessment of damages to be recovered in the judgment, and thereupon offered evidence to show " that the several promissory notes set forth in the plaintiff's specification as the sole cause of action in the suit were, and each of them was, made and executed by him, (the defendant,) and the whole of the consideration of the same was, for money won of him, ( the defendant,) upon play or hazard at cards by the plaintiff, and that, after the execution and delivery of said notes, the plaintiff, upon sufficient consideration, promised him to surrender and deliver up said notes." This evidence was objected to by the plaintiff, and excluded by the court as being inadmissible to mitigate or reduce the damages; and to the decision of the court excluding the same the defendant excepted. The three promissory notes mentioned and described in the indorsement on the writ and also in the specification, being produced, and the execution of the same by the defendant being admitted, the damages in the judgment were assessed at the amount which by computation appeared to be due thereon.

*G. W. Harmon,* for the defendant.

*John H. Flagg,* for the plaintiff.

The opinion of the court was delivered by

BARRETT, J.   The case has been treated by counsel for the defendant in the argument the same as if the declaration had counted specially and exclusively upon the notes set forth in the specification. And no question has been made by him as to the legal propriety of entering judgment in pursuance of the rules and practice of the county court.

It is insisted by him that the defendant had the right to show, as

affecting the amount for which the judgment should be entered, that the notes were void by reason of having been given for money lost in gambling, and so constituted no cause of action, and therefore the plaintiff was entitled to a judgment for only *nominal* damages. The execution and delivery of the notes not being questioned, they, of themselves, were evidence of an indebtedness to the amount for which they were given; and, if the case had stood for trial on the general issue, they would have been plenary proof for the plaintiff to establish his right to recover the amount specified in them according to their tenor and legal effect; and when produced in evidence, the burden would have been cast on the defendant of encountering them by affirmative defence going to the cause of action, or he would be subjected to a judgment for the full amount, to be ascertained by computation. The case of *Briggs* v. *Gleason*, 32 Vt. 472, states in general terms the law and rule as to the effect of a judgment entered as was done in this case. It is understood that, where the defendant submits to a judgment, as in this case, or on default, or *nil dicit*, in suit brought upon an instrument which, as a contract, shows both the cause of action and the measure of the plaintiff's right specifically, the production of the instrument constitutes all that the plaintiff is bound to do in order to entitle him to damages according to that measure; and they are to be ascertained by mere computation. It would present a new feature of practice, if, on the question of damages in this case, the defendant should be allowed to open matters affecting the validity of the contract, or to show some supervening matter of defence. It would require us to ignore the principle, and the practice in several cases in this state, as well as to repudiate a long course of decisions, in England, and in other states of this country. See *Webb* v. *Webb*, 16 Vt. 636; *Hyde* v. *Moffat*, *ib*. 271; *Bradley* v. *Chamberlain*, 31 Vt. 468.

*Green* v. *House*, 3 T. R. 301, was an action on a bill of exchange against the acceptor, who suffered judgment to go by default; and, at the execution of the writ of inquiry, the bill was produced; but it did not appear to have been accepted. Upon a rule to show cause, etc., the court state the rule of law on the subject so clearly, that we deem it well to repeat it here: "When a defendant suffers judg-

ment to go by default, he admits the cause of action ; and, thus far, an action on a bill of exchange, and an action for money had and received are alike ; but beyond that there is no similarity. For in the latter the defendant only admits something to be due ; and as the demand is uncertain the plaintiff must prove the debt before the jury (of inquest.) But in the former, as the bill of exchange is set out on the record, the defendant, by suffering judgment to go by default, admits that he is liable to the amount of it ; here then the defendant has admitted that he did accept the particular bill of exchange set out in the declaration ; and the only reason for producing it to the jury, on executing the writ of inquiry, is to see whether or not any part of it has been paid." Numerous cases show that in King's Bench and Common Pleas, in England, in action on notes and bills of exchange, upon default, no writ of inquiry is necessary ; but reference is made directly to the prothonotary or other proper officer to calculate the interest and find the amount due. *Smith* v. *Chester*, 1 T. R. 654 ; 1 H. Blackstone, Rep. 352 ; *ib.* 529 ; *ib.* 541, and other cases *passim.*

The judgment is affirmed,

