# THIRD NATIONAL BANK OF NEW YORK CITY *v.* DORSET MARBLE CO.

## SAME *v.* HENRY C. GLEASON.

### *Practice. Assumpsit. Specification. Note.*

The plaintiff brought general *assumpsit*, and filed a specification, which contained copies of the notes upon which judgment was sought, and a statement that judgment was claimed only on the notes. No affidavit of defence was made; and in accordance with the rules of court and the agreement of parties, judgment was rendered for the plaintiff, and the cause continued for the assessment of damages; *Held*, that on the hearing no evidence was admissible tending to show any defence to the notes, the amount of which could be ascertained by computation. But, on suggestion of the court, the plaintiff assenting to it, the judgment was *pro forma* reversed, on the ground of misunderstanding of the defendant's counsel as to making a defence.

ASSUMPSIT on the common counts. This was a collection suit, and by agreement of parties judgment was rendered for the plaintiff at the September Term, 1884, and the cause continued for assessment.

Hearing, September Term, 1885, VEAZEY, J., presiding. Judgment *pro forma* for the amount claimed in the specifications. Exception by defendant.

*W. C. Dunton* and *Edward Dana*, for the plaintiff.

*Prout & Walker* and *W. H. Smith*, for the defendant.

The opinion of the court was delivered by

WALKER, J. The two foregoing causes were heard together, and the same questions arise in each.

The declarations contained only the common counts in assumpsit. The writs were returnable at the September Term of Rutland County Court, 1884. Specifications were filed in each case, in accordance with the rule of said

County Court, ten days before the entry of said causes in court; which specifications contained full copies of the notes upon which the plaintiff sought to recover, and a statement that the plaintiff claimed judgment in each cause only upon the notes set forth therein as required by the rule. The notes thus specified are the notes in question. The causes were entered in court at the said September Term, 1884, and no affidavit of defence having been filed, the plaintiff, under the rule of the court, was entitled to judgment in each cause upon the notes specified therein; and in accordance with the rule and the agreement of the parties, judgment was rendered by the court at said term for the plaintiff in each cause, and the causes continued for assessment of damages.

At the September Term, 1885, of said court, the causes came on for hearing upon the assessment of damages, when the plaintiff produced the notes described in the specifications in each cause, and thereupon the defendants offered evidence tending *to* show a defence *in* part to the notes set forth in the specifications, which went to the plaintiff's right of recovery.

The plaintiff objected to the evidence upon the ground that the same was incompetent upon the assessment of damages, and that the questions sought to be raised by the defendant were no longer open to litigation in said causes. The County Court *pro forma* sustained the objection and excluded the evidence offered, and rendered judgment assessing damages for the amount due upon the notes specified in each cause, to which the defendants excepted.

We think the County Court properly excluded the evidence thus offered as being incompetent upon the assessment of damages.

After the filing of the specification, the causes stand in court for adjudication and assessment of damages as brought upon the notes in question fully set forth and declared upon specially in the declarations. The specifica-

tions, thus filed under the rule, like counts in a declaration declaring specially upon the notes, showed both the cause of action and the measure of the plaintiff's right to recover, and when judgment was rendered for the plaintiff for want of an affidavit of defence, or a plea setting up a defence to the causes of action, the judgments were for the notes set forth in the specifications. Every fact alleged in the specifications in each case, which it would have been necessary for the plaintiff to establish by proof to entitle it to a judgment, is regarded as established by the judgment. This the defendant practically conceded by submitting to the judgments.

In actions upon a note of hand or other written contract, where the contract must be proved as alleged, when a judgment is rendered for the plaintiff he is entitled to the amount of damages shown by the cause of action. The cause of action stands as proved and indicates the rule of damages.

Following this rule in these cases the production of the notes upon the assessment of damages was all that was necessary for the plaintiff to do to establish the amount of damages which it was entitled to judgment for; the measure being the amount actually due on the notes which could be ascertained by computation.

The evidence offered which only went to the right of recovery was not admissible after the judgments were rendered. As to that class of evidence the defendant was precluded by the judgments. The defendant upon the assessment of damages after judgment upon a written instrument showing a cause of action and the measure of the plaintiff's right specifically set forth in the pleadings, is never allowed to open matters affecting the validity of the contract, or to show any matter of defence, which attacks the plaintiff's right of recovery; the evidence in such case is always limited to the amount actually due upon the instrument declared upon.

The cases of *Bradley* v. *Chamberlain,* 31 Vt. 468; *Sweet* v. *McDaniels,* 39 Vt. 272: and the unreported case of *Cleveland* v. *Howard,* decided in Orange county, are decisive of the cases at bar. In *Sweet* v. *McDaniels, supra,* Judge BARRETT in delivering the opinion of the court clearly states the law as follows: "It is understood that, where the defendant submits to a judgment, as in this case, or on default, or *nil dicit,* in suit brought upon an instrument which, as a contract, shows both the cause of action and the measure of the plaintiff's right specifically, the production of the instrument constitutes all that the plaintiff is bound to do in order to entitle him to damages according to that measure, and they are to be ascertained by mere computation. It would present a new feature of practice, if, upon the question of damages in this case, the defendant should be allowed to open matters affecting the validity of the contract, or to show some supervening matter of defence."

Upon the issues tried in this court the plaintiff has prevailed, and according to the ordinary rule the judgment of the County Court would be affirmed; but upon the request of the defendant, considering what has been stated in the argument as to the misunderstanding of the counsel in respect to the defendant being allowed to show the defence claimed upon the assessment of damages, and the large reduction that would be made, if the defence offered to be shown in evidence can be proved and established, we are inclined to remand the causes to the County Court, and as the plaintiff upon the suggestion of the court assents to such a procedure, the judgment in each cause is reversed *pro forma* and the causes remanded.