MINNIE M. WIDBER *v.* L. J. BENJAMIN.

October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 5, 1903.

*Replevin—Jurisdictional value—Erroneous judgment.*

In replevin for goods unlawfully taken or detained, the jurisdictional value of the goods is to be determined by the certificate of the officer serving the writ.

It is error for the County Court to render judgment for the return of the property replevied, in an action of which it has no jurisdiction.

REPLEVIN for goods unlawfully taken and detained. Heard on the defendant's motion to dismiss for want of jurisdiction, at the March Term, 1902, Washington County, *Haselton, J.,* presiding. The Court sustained the motion and rendered judgment for the return of the goods replevied and for the defendant to recover one cent damages and costs. The plaintiff excepted.

*H. C. Shurtleff* for the plaintiff.

So far as the motion to dismiss is founded on what appears in the appraisement and the officer's return, objection should have been taken at the first term, and not having been so taken, all objections thereto have been waived.

On motion to dismiss, the Court can only consider what is on the face of the pleadings or admitted by plaintiff's own proof. Such a motion does not allow the joining and trial of any issuable fact thereon. *State* v. *Haynes,* 35 Vt. 565; *Fiske* v. *Wallace,* 51 Vt. 418; *Landgrove* v. *Plymouth,* 52 Vt. 510.

The amount in controversy determines the question of jurisdiction. The value of the goods for which the writ is sued out governs. If the County Court had jurisdiction when the writ was issued, that jurisdiction continued, and could not be interrupted by the fact that the officer was unable to ferret out the methods of the defendant in selling the property which is conceded by him to be in existence and his possession. *Sanborn & Catlin* v. *Chittenden,* 27 Vt. 171; *Davenport* v. *Burke,* 9 Allen, 116; *Eldrid* v. *Woolaver,* 46 Mich. 241; *Gottschalk* v. *Klinger,* 33 Mo. App. 410.

It was error for the trial Court to render judgment that the property which the officer succeeded in finding be returned to the defendant. *Machine Co.* v. *Holden,* 73 Vt. 396.

*Fred L. Laird* for the defendant.

The writ in this case was properly dismissed as the goods in controversy did not exceed in value $20.00. The action of replevin is statutory. V. S. 1471 provides that in cases where the value of the goods exceeds $20.00, the writ shall be returnable to the County Court. V. S. 1040 provides that where the value of the goods does not exceed $20.00, then a justice has jurisdiction.

WATSON, J. The value of the goods named in the writ exceeded twenty dollars, but the value of those actually found and taken on the writ was certified by the officer in his return to be six dollars and seventy-five cents. The action was brought to the County Court, and it was there dismissed for want of jurisdiction, and judgment rendered for the return of the property, and for the defendant to recover one cent damages and costs. To the judgment that the Court was without jurisdiction, and for the return of the property, the plaintiff excepted.

A justice has jurisdiction of actions of replevin for goods and chattels when the value thereof does not exceed twenty dollars, and the County Court has jurisdiction when the value exceeds that sum. V. S. 1040, 1470. But whether the jurisdictional value is to be determined upon the goods and chattels named in the writ, or only upon those actually replevied, is the question.

When beasts distrained or impounded are replevied, the writ shall not be served until the plaintiff, or some one in his behalf, executes and delivers to the officer a bond to the defend-

ant in a penalty double the value of the property to be replevied, with condition to prosecute the replevin to final judgment, and pay such damages and costs as the defendant recovers against him, and also to return the property in case such is the final judgment. The writ shall require the bond to be given for double the value of the property, but shall not state the amount thereof, and, unless the parties agree upon the value of the property, it shall be ascertained by three disinterested persons, to be appointed and sworn by the officer. The officer is required to return with the writ the bond, which shall be left with the clerk of the court, or the justice, and shall include in his return a certificate of the value of the property. If it appears from the return of the officer that the value of the property so certified does not exceed twenty dollars, the writ is to be returned to the justice who signed it; but if the value thereof exceeds that sum, the writ is to be returned to the County Court, and entered and docketed therein like other original actions. V. S. 1458-1462.

Thus in actions to replevy beasts distrained or impounded, the jurisdictional value is, by statute, determined upon the value of the property replevied, as certified in the officer's return.

In actions to replevy goods unlawfully taken or detained, of the value of more than twenty dollars, the officer, before serving the writ, is required to take from the plaintiff a bond to the defendant, and ascertain the value of the goods or chattels, as provided in replevin for beasts distrained, and return the bond to the clerk of the court to which the writ is returnable. V. S. 1472. And in replevin before a justice the same provisions of law apply, except that the bond is returned to the justice, and the service and return of the writ are governed by the law regulating justice suits. V. S. 1486.

The statute contains no specific provision fixing the basis of the jurisdictional value in an action to replevy goods or chattels unlawfully taken or detained, nor of the method of ascertaining such value; but no good reason is apparent why they should not be the same as in an action to replevy beasts distrained or impounded, and we think such was the intent of the legislature.    It is said in a recent work of some merit, that "this value when necessary to be ascertained, as a jurisdictional step in replevin, is usually assessed by appraisers which [whom] the statute provides the officer shall call for that purpose."    Shinn on Replevin, sec. 356.

It follows that the Court was without jurisdiction, and that the action was properly dismissed.

It was error, however, to render judgment for the return of the property; for the Court being without jurisdiction it could only render judgment dismissing the action, and for costs.    *Collamer* v. *Page,* 35 Vt. 387.

*Judgment reversed, and judgment that the action be dismissed, with costs.*

