ÉMILY K. WEED v. BURTON A. HUNT.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed July 27, 1908.

*Default Judgments—Equitable Relief—Accident and Mistake
—Adequate Remedy at Law—Laches—Judgment at Law
—Conclusiveness—Defences.*

Equity will not grant relief against a default judgment obtained through accident and mistake, where there is a plain and adequate remedy at law for vacating the judgment; nor where such remedy has lapsed because of the judgment debtor's negligent failure seasonably to avail himself thereof. *Weed* v. *Hunt*, 76 Vt. 212, and *Viele* v. *Hoag*, 24 Vt. 46, distinguished and explained.

Equity will not grant relief against a default judgment rendered in Connecticut, on the ground that the oratrix was prevented by accident and mistake from availing herself of a defence, where the statutes of that State prescribing a remedy for opening defaults gave her an adequate remedy at law, and where her failure seasonably to avail herself of that remedy was not excused.

On demurrer to a bill in equity seeking relief, on the ground of accident and mistake, against a default judgment rendered in a sister state, and alleging that the oratrix has no adequate remedy at law and has not been negligent in failing seasonably to avail herself of her legal remedies, a decision that equity would grant

relief on the case stated is not conclusive on a subsequent trial on the merits when it appeared that, under the law of the state where the judgment was rendered, the oratrix had an adequate remedy at law, and that she showed no excuse for her failure to avail herself thereof.

Usury and a wife's disability to become surety for her husband are legal defences, and must be invoked in an action at law on the contract in question, or they are concluded by the judgment therein rendered.

APPEAL IN CHANCERY. Heard on the pleadings, master's report and exceptions thereto, at the December Term, 1905, Lamoille County, *Munson*, Chancellor. Decree dismissing the bill with costs. The oratrix appealed. This case has been once before in the Supreme Court. See 76 Vt. 212. The bill was served October 9, 1902.

*T. J. Deavitt* and *Edward H. Deavitt* for the oratrix.

As to the accident and mistake, the facts are not materially different from what they were when the case was before this Court on demurrer to the bill, and hence the same decision must follow. Reasonable diligence and not the highest possible degree of care is the test. Bispham's Prin. of Eq. §191; *Cobb* v. *Dyer*, 69 Me. 494; *Kopper* v. *Dyer*, 59 Vt. 477; *Weed* v. *Hunt*, 76 Vt. 212; *S. J. & L. C. R. R.* v. *Hunt*, 59 Vt. 294; *Dietrich* v. *Hutchinson*, 75 Vt. 389. The bill is maintainable on the ground of suretyship alone. *Viele* v. *Hoag*, 24 Vt. 46. The defence of usury is available to the oratrix here, notwithstanding her position was that of surety. Act of 1896, No. 39; *Flagg* v. *Locke*, 74 Vt. 320.

The bill is maintainable for discovery to establish a defence to the suit at law, and having acquired that jurisdiction equity will retain the case and do complete relief between the parties, for whatever may have been the situation of the Connecticut suit as regards setting aside the judgment heretofore, it does appear that there is no way such matter of defence can be available in Connecticut at the present time. *Barry* v. *Harris*, 49 Vt. 392; Bispham's Prin. of Eq. §366.

*B. A. Hunt pro se.*

WATSON, J.   The oratrix seeks to enjoin the enforcement of a judgment by default obtained against her by the present defendant, in garnishment proceedings in the State of Connecticut, on the ground that she was prevented by accident and non-negligent mistake on the part of her counsel from setting up certain valid defences.   Without consideration of other points in this case, suffice it to say that the oratrix is precluded from obtaining the relief sought, by the following facts set forth in that part of the special master's report wherein he says:

"It is claimed by the defendant that the oratrix had a complete remedy at law in Connecticut even after the rendition of the judgment by default and that she negligently omitted to avail herself thereof. The law of Connecticut upon that subject then was and now is as follows:

'Sec. 748.   Opening Defaults.   Any judgment rendered or decree passed upon a default, in the Superior Court, court of common pleas, or in any city court, may be set aside at the term succeeding that in which it was rendered or passed, and the cause reinstated on the docket, on such terms, as respects costs, as the court may deem reasonable, upon the complaint of any person prejudiced thereby, showing that a good defence in whole or part existed at the time of the rendition of said judgment or the passage of such decree, and that the defendant was prevented by mistake, accident, or other reasonable cause, from appearing to make the same.'

'Sec. 749.   Contents of Complaint.   Such complaint shall be verified by the oath of the complainant or his attorney, and shall state in general terms the nature of the defense, and particularly set forth the reason why the defendant failed to appear.   The court shall order reasonable notice of the pendency of such complaint to be given to the adverse party and may enjoin him against enforcing said judgment or decree until the decision upon said complaint.'

The record in *Hunt* v. *Weed* in Connecticut shows that Sperry and McLean originally entered an appearance for the Insurance Company but that on January 11, 1902, they entered an appearance for Mrs. Weed which appearance was with-

drawn January 24th, and that the case having been continued and various orders of court complied with, judgment by default was rendered May 23rd, 1902, and execution issued May 24, 1902. On June 16th *scire facias* was brought against the Insurance Company based upon the judgment against Mrs. Weed, returnable on the first return day thereafter, the first Tuesday of September, 1902. The first session of court was held on the 10th day of October, 1902, and an appearance was entered on that day for the defendant by Sperry and McLean, but no answer has been filed in the case, all proceedings being delayed on account of the injunction. The Connecticut statutes provide that processes in civil actions, returnable to the Superior Court, shall be made returnable on the first Tuesday of any month, except July and August, and that all processes shall be made returnable to the next return day or to the next but one to which it can be made returnable. The sessions of the Superior Court in Hartford County where the suit was pending against Mrs. Weed, begin on the second day of October and the first Tuesdays of January and April.

The first Tuesday in September, 1902, was the first day to which the *scire facias* could have been made returnable. It was not, however, the first time that an application could have been made to open the default in the suit of the defendant against Mrs. Weed. That default was entered up May 23, 1902. Under the Connecticut statute application to reopen the default could have been made at any time during that term which expired about the first of July, verbally, or application in the nature of a complaint could have been brought returnable the first Tuesday of September, asking to have it reopened. No application has been made to reopen that Connecticut judgment. It would have been necessary to have sustained any application to reopen the judgment to have shown that a good defence existed at the time of the granting of the default, and that the defendant was prevented by some reasonable cause from appearing to make the same.''

In connection with these facts should be considered the affidavit of oratrix's counsel (which was attached to the bill) that on or about June 3, 1902, he became aware and knew of the alleged accident and mistake, of the rendition of a valid judgment against oratrix, and of the true state of affairs in general.

Thus it appears that the judgment by default was obtained May 23, 1902, and that on or about June 3, 1902, the oratrix's counsel became aware that the alleged unjust judgment had been entered by accident and mistake; yet he made no application to the Connecticut court of law to open the default, although the statutes of Connecticut offered ample remedy at law for opening and setting aside the judgment before the defendant Hunt could prosecute his proceedings on the judgment. When there is a plain and adequate remedy at law to set aside a judgment by default obtained through accident and mistake, equity will not furnish relief against the judgment. *Sleeper and Kimball* v. *Croker*, 48 Vt. 9. None the more will equity furnish succor when the judgment debtor has without good excuse failed to avail himself of his erstwhile adequate remedy at law. *Burton* v. *Wiley*, 26 Vt. 430. The following authorities from other jurisdictions apply these doctrines to circumstances essentially identical with those of the case at issue.

In *Borland* v. *Thornton*, 12 Cal. 440, it was held that a court of equity will not enjoin the enforcement of a judgment when the complaint "does not set forth any reason for failing to apply to the district Court to open the judgment, and to allow the plaintiff to file an answer." The court said (p. 445): "Equity will not entertain jurisdiction of a suit of this nature, merely on the ground that the demand may be unconscientious, and that injustice may have been done, provided it was competent for the party to have placed the matter before the court in the original action, either before issue joined, or upon motion to set aside the verdict or judgment."

In *Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 127, a case in which the plaintiff was seeking, in equity, to enjoin the enforcement of, and to modify a judgment, it appeared that the plaintiff could have moved at law to vacate or modify the judgment at any time within six months after its rendition, but that, with knowledge of the facts, he had failed so to do. *Held* that there was open to the plaintiff "a plain, speedy, and adequate remedy at law, and in such case there is no occasion to resort to equity, and it will not be permitted."

In *Bergstrom* v. *Kiel*, 28 Tex. Civ. App. 532, it was held that equity will not furnish relief against a judgment obtained by fraud since the plaintiff, who was chargeable, was negligent in not moving to set it aside or taking an appeal therefrom.

In *Long* v. *Eisenbeis,* 18 Wash. 423, it was held, as stated in the headnote, that "a. party seeking the aid of a court of equity for the vacation of a judgment after the period allowed by statute for correction upon motion in the original action, must show that he is without fault or negligence in not having made seasonable application under the provisions of the statute."

Reference may also be made to the recent case of *Freeman* v. *Wood,* 103 N. W. Rep. 392 (N. D.).

With the decisions and reasoning of the foregoing cases we heartily concur. Equity's principles would indeed be subverted if a person could lift himself into equity's jurisdiction by purposely spurning an adequate remedy at law. In the present case, the oratrix has not excused nor attempted to excuse her failure to avail herself of her adequate legal remedies for relief against the Connecticut judgment. Hence on principle and authority equity will afford her no aid.

The decision of this court on the demurrer to the bill is in no wise conclusive of the present question nor inconsistent with the position herein taken. (See *Weed* v. *Hunt,* 76 Vt. 212). There we held merely that if, as alleged in the bill, the oratrix had no adequate remedy at law against the alleged unjust judgment and had not been negligent by herself or by her counsel in failing to avail herself of her legal remedies, she might appeal to a court of equity for relief. But the facts as found by the master, especially the provisions of the law of Connecticut for opening judgments by default, negative the truth of certain essential allegations of the bill; and we render a decision now on a state of facts in certain essential particulars directly opposite to those upon which we passed in overruling the demurrer.

*Viele* v. *Hoag,* 24 Vt. 46, cited by counsel for the oratrix as an authority for equitable relief in the case at issue is not in point. In that case, it was held that a party having a defence, in former times equitable, but subsequently also legal in nature, cannot be deprived of the privilege of setting up his defence in equity, even after proceedings at law provided there has been no delay or negligence in seeking relief in equity. But in the case at issue the defences claimed by the oratrix,—the alleged inability of a married woman to make a contract as surety for her husband, and usury,—are legal defences and

must be set up in the action at law, or be concluded by the judgment therein. See *Day* v. *Cummings*, 19 Vt. 496, 500.

*Pro forma decree affirmed and cause remanded.*