GRANITE SAVINGS BANK & TRUST COMPANY *v.* PARRY & JONES.

October Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 16, 1911.

*Damages—Assessment—Conclusiveness of Judgment—Amount of Liability—Collateral Contract—Admissibility to Reduce Recovery.*

In a proceeding before the clerk to assess the damages on a judgment for plaintiff in assumpsit on promissory notes, the notes determine the amount of recovery, the judgment is conclusive that defendants promised the payments evidenced by the notes, and a collateral written agreement, which shows that the promises were different from those recited in the notes, and went in reduction of the damages, is inadmissible, because impeaching the judgment.

ASSUMPSIT on two promissory notes.   No pleas were filed, and plaintiff had judgment at the March Term, 1910, Washington County, *Butler,* J. presiding.  At the same term, on assessment of damages by the clerk, plaintiff presented two promissory notes signed by defendants, one for $750, dated June 14, 1908, and the

other for $277. 89, dated October 14, 1908, both of which are renewals of notes for the same sums. The original notes were executed by defendants to the Empire Granite Company for certain of its stock, and by it immediately indorsed to plaintiff for their full face value in money. Plaintiff claimed the full amount of the notes; and no question was made as to their execution, nor that there was something due thereon; but defendants offered to show that it was agreed in writing at the time of the purchase of this stock by defendants that the notes should not be paid in money, but that defendants should thereafter purchase of the Granite Company from time to time rough granite at the regular prices, and that the Granite Company should make a discount of ten per cent, which discount should be applied in payment of the notes, which should be fully paid in that manner, and that certificates of the stock so purchased should not be issued till the stock was fully paid for by this discount; that plaintiff had full knowledge of this agreement at the time the original notes were discounted; and that, prior to the maturity of the notes in suit, defendants had purchased granite of the Granite Company to such an amount that the agreed discount when applied on the notes in suit would leave only about $75 due thereon. The clerk declined to receive this evidence, and assessed the damages at the full amount of the notes. The defendants appealed to the county court which affirmed the action of the clerk, and entered judgment for plaintiff for the amount assessed by the clerk. Defendants excepted.

*Richard A. Hoar* for the defendants.

The offered contract should have been received in evidence, as it was admitted that defendants owed something on the notes, and so did not seek to impeach the judgment, but only to reduce the amount of recovery. *Bank* v. *Dorset Marble Company* 58 Vt. 70; *Sweet* v. *McDaniels,* 39 Vt. 272; *Seaver* v. *Welder,* 68 Vt. 423; *Chamberlain* v. *Murphy,* 41 Vt. 41; *Bradley* v. *Chamberlain,* 31 Vt. 648.

*Harvey & Harvey* for the plaintiff.

The judgment for plaintiff is conclusive, and under it the notes merged therein determine the amount of recovery. The offered evidence was inadmissible because impeaching the judgment. *Sweet* v. *McDaniels*, 39 Vt. 272; *National Bank* v. *Dorset Marble Co.*, 58 Vt. 70; *Harris et al.* v. *Harris' Estate*, 82 Vt. 199.

MUNSON, J.   The judgment was a conclusive determination that the defendants had promised the payments evidenced by the notes. The defendants' offer was inconsistent with the terms of payment as thus determined. It was not an offer to reduce the damages by showing payments under the contract as adjudged, but an offer to show a separate writing by virtue of which the damages would be less. The notes which constituted the cause of action determined the extent of the recovery, and reduced the process of assessment to a mere computation. *Sweet* v. *McDaniels*, 39 Vt. 272; *Third National Bank* v. *Dorset Marble Co.*, 58 Vt. 70; *Bradley* v. *Chamberlain*, 31 Vt. 468.

*Judgment affirmed.*