PARRY & JONES *v.* EMPIRE GRANITE COMPANY AND GRANITE
SAVINGS BANK AND TRUST COMPANY.

January Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 6, 1916.

*Waiver of Error by Failure to Brief—New Trial for Newly
Discovered Evidence—Jurisdiction of Equity to Grant—
Bills and Notes—Actions—Defences—Findings of Master—
Conclusions of Law.*

Exceptions not briefed by the exceptor are waived.

Under former chancery rule 38, exceptions to the report of a master
because of specified findings and for failure to make requested
findings will not be considered on appeal, where the grounds of
the exceptions are not specified.

Where the testimony heard by the master is not presented on appeal,
the only question for review is whether the decree is according
to the facts reported.

A court of chancery will not take jurisdiction of a suit seeking relief
from a judgment at law on account of newly discovered evidence
so long, at least, as the legal remedy by petition is available.

Where the indorsers of current promissory notes that were dishonored
at maturity agreed with the holder that the latter should proceed
to collect the notes of the maker at the expense of the indorsers,
who should still be holden thereon, if not so collected, the agree-
ment was not a conspiracy that could avail the maker as a de-
fence in a suit on the notes by the holder, though the maker con-
tended that there had been a breach of the agreement upon which
the notes were given.

As against a *bona fide* holder for value of promissory notes indorsed
while current, defences amounting to want of consideration, or
breach of the agreement upon which the notes were given, are
not available to the maker.

In a suit to enjoin a judgment on promissory notes, findings that
the holder who recovered the judgment had purchased the notes
for value before maturity and that the action thereon was for
the benefit of the holder are not objectionable as mere conclusions,

for the former is a finding of fact and the latter consistent with the facts found.

APPEAL IN CHANCERY, Washington County. Heard in Chambers, August 24, 1915, on the pleadings, master's report, and plaintiff's exception thereto, *Stanton,* Chancellor. Decree overruling plaintiff's exceptions, and dismissing the bill with costs. The plaintiff appealed. The opinion states the case.

*Richard A. Hoar* and *Alland G. Fay* for the plaintiff.

*R. M. Harvey* and *Edwin M. Harvey* for the defendants.

TAYLOR, J. This is a bill in chancery to restrain defendants from collecting a judgment which the defendant bank has obtained against the plaintiffs. The original suit was here on the question of assessment of damages. See *Granite Savings Bank & Trust Co.* v. *Parry & Jones,* 84 Vt. 159, 78 Atl. 789. Plaintiffs now seek to have the enforcement of the judgment therein perpetually enjoined on the grounds, (1) of newly discovered evidence; (2) of fraud and collusion between the defendants to secure said judgment; (3) for that the notes on which the judgment was based had been paid; (4) for that, if plaintiffs are compelled to pay said judgment, they will be unable to reimburse themselves from the defendant Quarry Company; (5) for that defendant Quarry Company cannot carry out its contract with plaintiffs; and (6) to prevent a multiplicity of suits.

Certain exceptions taken at the hearing before the master were reported at plaintiffs' request. If saved by a general exception, which was ''to the exclusion and admission of evidence objected to by the orators (plaintiffs) as shown by the master's report'' on specified pages thereof, they have not been briefed and so are waived. Plaintiffs brief numerous exceptions to the report because of certain findings specified and for the failure of the master to comply with certain requests for findings; but these exceptions are not for consideration, because plaintiffs specify no grounds on which they are based, as required by the rule then in force. Chancery Rule 38; *Fife and Child* v. *Cate et al.,* 85 Vt. 418, 428, 82 Atl. 741; *Randall* v. *Moody et al.,* 87 Vt. 68, 73, 88 Atl. 321. Moreover, we have not been furnished

with the testimony taken before the master. The only question here is whether the decree is according to the facts reported.

The material facts are as follows: The plaintiffs at the time in question were granite manufacturers and the defendant Quarry Company owned a quarry and was engaged in quarrying and selling rough granite. The Quarry Company did its banking business with the defendant bank. On June 14, 1907, plaintiffs executed two notes of $750 each payable six months after date to the order of the Empire Granite &. Quarry Co., as the purchase price of fifteen shares of the capital stock of said company. As a part of the same transaction plaintiffs and the Quarry Company. entered into a written agreement by the terms of which plaintiffs were to give the Quarry Company all orders for rough granite consistent with their best interest at a certain price, and the Quarry Company, upon payment therefor, was to allow plaintiffs a discount of ten per cent. which the Quarry Company was to use to liquidate said notes. The plaintiffs were to have equal service with other manufacturers and the shares of stock were to remain with the notes until they were paid.

August 5, 1907, the notes were indorsed by the Quarry Company and discounted at the defendant bank. Plaintiffs did not know of this at the time but learned of it later. From time to time plaintiffs renewed the notes through the Quarry Company. At such times the discount on stock bills was deducted from one of the notes until this note was reduced to $277.89. The bank purchased the notes in good faith and for full value before they were due, without knowledge of the agreement between plaintiffs and the Quarry Company as to terms of payment. The bank was ignorant of this agreement until the day the notes were protested, which was after the last renewal. When the notes here in question came due on Dec. 14, 1908, the defendant bank forwarded them for payment to the National Bank of Barre, where they were payable. The defendant bank stamped the notes "paid"; but they were not in fact paid and, being protested for non-payment, were returned, after which the suit thereon was brought which resulted in the judgment sought to be enjoined.

Late in the fall of 1908 the Quarry Company closed down its quarry for the winter because it was not profitable to operate during the winter season. When it began operation the following

spring the Quarry Company offered to continue furnishing stock to plaintiffs under said agreement; but plaintiffs declined to give further orders, claiming that the contract was broken by the failure to furnish them stock during the previous winter. In this regard it is found that plaintiffs had service equal to other manufacturers, though their orders were not all filled.

After said notes were protested and before suit thereon was commenced, the defendants and the directors of the Quarry Company, who were also personal indorsers of the notes, entered into an agreement in writing that the bank should proceed to collect the notes of the plaintiffs at the expense of the indorsers, who agreed still to remain holden thereon, if not collected of the plaintiffs. By reason of this agreement the bank instructed its attorneys to bring the suit against the plaintiffs. It is found that the purpose of this agreement was to remove any question as to the liability of the individual indorsers and to compel plaintiffs to pay the notes; and that the suit was brought for the benefit of the bank and not the Quarry Company. On the question of newly discovered evidence the master finds that, with exception of the agreement between defendants herein referred to and a certain letter from the Quarry Company to the National Bank relative to the capital stock, all matters set forth in their bill were known to plaintiffs or their counsel before judgment was rendered in the suit at law.

Plaintiffs have no standing in this action on the ground of newly discovered evidence. A court of chancery will not take jurisdiction of a cause on account of after discovered evidence so long, at least, as the legal remedy by petition is available. *Weed* v. *Hunt,* 81 Vt. 302, 70 Atl. 564. At the time this bill was brought, if not before, plaintiffs were aware of the facts now relied upon as newly discovered and then had an adequate remedy at law by petition to have the judgment vacated on that ground. The case cited and other cases there referred to are full authority for this holding.

The claim of fraud and collusion is unsupported by the findings. Plaintiffs' contention was that the Quarry Company, being unable or unwilling to furnish plaintiffs rough stock according to agreement, conspired with the defendant bank to compel plaintiffs to pay the notes; and to that end delivered the notes to the bank after they had been paid and procured the bank to collect the notes from the plaintiffs without right. But

the master has found that the bank was a *bona fide* holder of the notes for value and that they had not been paid. The judgment in the original suit was not fraudulent, since with full knowledge as to terms of payment plaintiffs confessed judgment on the notes in the hands of the bank. It is expressly found that there was no conspiracy nor any agreement respecting the collection of the notes entered into between the defendants except the agreement in writing already referred to. The master reports that the facts about the agreement appear from the writing itself and submits to the court whether or not it discloses a conspiracy. The bank had the legal right to proceed either against the makers or the indorsers of the notes. By the agreement the indorsers merely bound themselves to remain holden on the notes, if not collected of the plaintiffs, and to reimburse the bank for the expense of a suit for collection. There is nothing on the face of the agreement to indicate that it was unlawful and nothing to impeach the finding that there was no conspiracy.

The claim that the notes had been paid and cancelled affords no basis for the bill. The finding is to the contrary and disposes of the claim. Payment was a matter of defence to the suit on the notes. If the fact of payment had existed but was discovered too late to be thus available, plaintiff had a plain and adequate remedy at law upon its discovery.

The remaining grounds relied upon, if sustained by the findings, would not justify injunctive relief. It is plaintiffs' misfortune that the Quarry Company cannot carry out its agreement and that they will be unable to reimburse themselves for money paid on the judgment by a suit against the Company. On the facts reported the bank is in no way responsible for the situation in which they find themselves. On their face the notes were negotiable and were for plaintiffs to pay. The bank purchased them in good faith and for value before maturity. The fact that plaintiffs may have defences to the notes in the hands of the Quarry Company would not justify interference by a court of equity with the bank's right to recover from plaintiffs in an action on the notes.

Plaintiffs contend that the finding that the bank purchased the notes and the finding that the suit thereon was brought for the benefit of the bank and not the Quarry Company are mere conclusions of law from the facts reported. But the former was evidently a question of fact; and if the latter is to be regarded

as a conclusion of law, it is consistent with the facts reported. The bank was the owner and *bona fide* holder of the notes and had not been paid. The fact that it had a remedy against the indorsers and they a remedy over against the plaintiffs did not change the situation.

*Decree affirmed and cause remanded.*