## F. E. BAGLEY v. ISANNA COOPER.

October Term, 1916.

Present: MUNSON, C. J., HASELTON, POWERS and TAYLOR, JJ.

Opinion filed November 13, 1916.

*Bill of Exceptions—Trial—Theory upon which Case was Tried Below—Replevin—Evidence—Damages—Articles not Replevied—Motion to Set Aside Verdict—"Against the Evidence", "Against the Weight of the Evidence"—"Contrary to the Evidence"—Insufficiency of Evidence not shown by Record—Exceptions not Briefed.*

Statement by the presiding judge of the county court in the bill of exceptions, as to the theory upon which the case was there tried by both parties, *held*, to be sustained by the transcript.

Where both parties try the case and are content to have it submitted to the jury upon a certain theory, it is futile for either to urge in Supreme Court that such theory as to the law was erroneous.

Where, in an action of replevin, it appeared that the officer serving the writ was unable to find, or was prevented from taking, certain articles named in the writ, evidence offered by the plaintiff as to damages sustained by him by reason of the detention of the goods not taken by virtue of the writ was properly excluded.

In an action of replevin, no recovery of damages can be had for the detention of goods and chattels, named in the writ, but not actually replevied.

No exception lies to the action of the trial court in refusing to set aside a verdict on the ground that it is against the weight of the evidence.

The phrases "against the evidence", "against the weight of the evidence" and "contrary to the evidence" are synonymous.

An exception to the overruling of a motion to set aside a verdict, on the ground that there was no evidence fairly and reasonably tending to support the verdict, will not be sustained, where the record does not show what was the claimed insufficiency of the evidence.

Exceptions not briefed by the exceptor are waived.

REPLEVIN. Plea, the general issue. Trial by jury at the June Term, Windsor County, *Slack*, J., presiding. Verdict and

judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Davis & Davis* for the plaintiff.

*Wallace Batchelder, George H. Thompson* and *Charles Batchelder* for the defendant.

HASELTON, J. This is an action of replevin. Trial by jury was had and verdict and judgment were for the defendant; whereupon the court ordered the return to the defendant of the property replevied. The plaintiff brings exceptions.

In the beginning of the preliminary statement of the case, made in the bill of exceptions, the presiding judge says: "The case was tried by both parties upon the theory that the defendant had a lien on said property for the storage charges, and that her right to retain possession of said property at the time this suit was brought depended upon whether the charges for storage had been paid at the time when it was claimed the plaintiff made demand for the possession of said property."

The plaintiff challenges the correctness of this statement, and, as the transcript is referred to, we examine it, with reference to this matter, at the outset. .

In the early part of the trial the plaintiff put in a good deal of evidence to the effect that the defendant had been paid for the storage of the goods all that she was entitled to. At one time the defendant's counsel suggested to the plaintiff's counsel that the plaintiff's right of possession was superior to the defendant's, but the plaintiff continued to proceed as above stated.

At the close of plaintiff's case, the defendant's counsel, not in the presence of the jury, suggested that the plaintiff was proceeding upon the theory that the defendant had a lien for storage which he must show to have been paid before he could justify the taking of the goods. In this conference, the counsel for the plaintiff denied that there was any lien, and asserted that, any way, the defendant had been fully paid for storage for all the time she had a right to retain the goods. The court then told counsel what its views were as to the application, in payment for storage, of articles furnished the defendant and labor performed for her by the plaintiff, the matter of demand and the matter of a lien, saying that the defendant was not obliged to

37

release the goods until the storage bill up to the time of demand, if any was made, was paid.

Counsel for neither side expressed any dissatisfaction with the views the court expressed as to the matter of a lien and the right of the defendant to hold the goods until she was paid for their storage up to the time of demand.

The cause then proceeded with the defendant's case, and the plaintiff's rebuttal, the questions, in direct examination and cross-examination, so far as they were material, relating only to the questions of payment for the storage and demand for the goods before the service of the writ of replevin, and the question of whether or not some of the goods put into the possession of the defendant were given to her. The claims made in argument do not appear directly, for it is not the custom in our courts for the reporter to take down the arguments. But following the arguments the court in its charge to the jury proceeded to say: "The case has been tried by both parties upon the theory that the law gave the defendant a lien on said property to secure the payment of said storage, and we charge you that such is the law. The property being lawfully in the possession of the defendant, and she having a lien thereon for the storage, it was necessary for the plaintiff to make a legal demand for the possession of said property and to pay storage charges."

After discussing the matter of demand in a few sentences, the court then said: "If you find a lawful demand was made, you will then inquire whether or not at that time there was any storage due. If there was, and the plaintiff didn't pay it to the defendant, or offer to pay it to her, the defendant had a right to retain possession of the property and continue the charge for the storage, and her lien would follow her right to so charge. * * * You have got to determine, in the first place, whether a lawful demand was made; whether at that time, if you find one was made, there was any storage due. If so, the plaintiff, simply by demanding possession of the goods, was not entitled to them, he must go beyond that and pay or tender what was due for storage." This and more to the same effect the court told the jury. This subject-matter was a prominent part of the charge, not a long one; and at the close of it the plaintiff's counsel said: "Anything about the amount of damages?", and said nothing further and took no exceptions. The statement of the presiding judge that the case was tried on the

theory that the defendant had a lien on the goods for their storage is amply sustained by the transcript to which the plaintiff has chosen to appeal.

Whatever we may think of the theory on which the parties finally tried their case and were content to have it submitted to the jury, it is futile for either now to urge that such theory as to the law was erroneous. *Silsby* v. *Kinsley,* 89 Vt. 263, 269, 95 Atl. 498.

Some articles named in the writ, the officer serving it was unable to find or was prevented from taking. On trial, the plaintiff claimed that he had a right to show the damage to him by the detention of these goods not taken by virtue of the writ; and he offered evidence as to such damages. This evidence was excluded and the plaintiff was allowed an exception.

The exclusion of this evidence was correct. By the practice act, which is invoked, the action of replevin expressly retains its separate and distinct character, and the damages recoverable by a plaintiff therein, if he recovers, are damages for the detention of the goods and chattels actually replevied.

In some states, where the goods sought to be replevied cannot be taken by the officer, the action may proceed as an action against the defendant for their value. But under our statutes the action cannot take this course. *Widber* v. *Benjamin,* 75 Vt. 152, 53 Atl. 1071; *McKinstry* v. *Collins,* 76 Vt. 221, 230, 56 Atl. 985; *Miller* v. *Cushman,* 38 Vt. 593; *Eastman* v. *Barnes,* 58 Vt. 239, 1 Atl. 569.

And if we assume, what we do not decide or intimate, that an action of replevin can be amended into something else, or have some other cause of action joined with it, it is enough to say now that here no attempt was made to accomplish either of those things. After the verdict for the defendant, the plaintiff moved the court to set it aside on the ground that it was "contrary to the evidence and contrary to the weight of the evidence." This motion was overruled and the plaintiff excepted.

It has frequently been held that no exception lies to the action of the trial court in refusing to set aside a verdict on the ground that it is against the weight of the evidence; and that the phrase "against the evidence" means the same as "against the weight of the evidence." *Woodsville, etc., Bank* v. *Rogers,* 86 Vt. 121, 126, 83 Atl. 537; *McCargar* v. *Langlois,* 81 Vt. 223, 69 Atl. 739; *Stearn* v. *Clifford,* 62 Vt. 92, 18 Atl. 1045; *Coolidge*

v. *Ayers,* 77 Vt. 448, 61 Atl. 40; *German* v. *Railroad Co.,* 71 Vt. 70, 72, 42 Atl. 972; *Lincoln* v. *C. V. Ry. Co.,* 82 Vt. 18*l*, 196, 72 Atl. 821, 137 Am. St. Rep. 998; *Howton* v. *Strout Farm Agency,* 90 Vt. 50, 96 Atl. 330; *Manley Brothers* v. *B. & M. Railroad,* 90 Vt. 218, 97 Atl. 674. And it should seem that the phrase "contrary to the evidence" means the same thing as "against the evidence".

But, if we treat the motion as raising the question that there was no evidence fairly and reasonably tending to support the verdict, the result is the same, for the record does not show what the claimed insufficiency of the evidence was.

The plaintiff excepted to the judgment of the court rendered on the verdict, and to the order for the return of the property replevied; but these exceptions are not briefed and, therefore, they are waived. All questions raised by the exceptions and not waived, whether or not they are herein specifically mentioned, have been considered.

*Judgment and order affirmed.*