STATE *v.* FRANK C. KAATZ.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 19, 1918.

*Criminal Law—Information—Demurrer—Advertising as Physician—Exceptions not Briefed Waived—Final Trial—Discretion of Court— Demurrer not Waived by Going to Trial.*

It is unnecessary to allege in an information for advertising and holding one's self out to the public as a physician and surgeon, that the respondent practiced medicine without a license.

Exceptions not briefed are waived; and the Court will not, to reverse a case, search the record for defects or errors not called to their attention by the respondent.

When the trial court overrules a respondent's demurrer to a complaint, it is within its discretion to send, or to refuse to send, the case to the Supreme Court before final trial; and, when it does not appear that that discretion has been abused, its refusal to send the case to Supreme Court is not reviewable.

A respondent's demurrer to a complaint which has been overruled is not waived by going to trial on the merits, and he can be heard on the same in Supreme Court as well after as before trial in the court below.

INFORMATION in three counts charging the respondent of unlawfully advertising and holding himself out to the public as a physician and surgeon under P. S. 5370, 5371, and amendments thereof. At the September Term, 1917, Chittenden County, *Fish,* J., presiding, the respondent demurred to the information. To the overruling of the demurrer, and the court's refusal to pass the case to the Supreme Court before trial on the merits, the respondent excepted. The respondent then entered a plea of not guilty, and there was a trial by jury. Verdict, guilty; and judgment thereon. The respondent excepted.

The substantial allegations in the three counts of the information are similar. The first count, after alleging that the respondent was not licensed to practice osteopathy, medicine, or

32

surgery in Vermont, and was not a person excepted from the provisions of the statute, alleges that the respondent, at Burlington in the county of Chittenden, on January 29, 1917, did then and there advertise himself and hold himself out to the public as a physician and surgeon and therein circulated among the people and inhabitants and made public in said Burlington and in divers and many other towns, places and localities in said county of Chittenden, an advertisement or advertisements reading and appearing in manner and form as follows:

"CHIROPRACTIC

(Ki-ro-prak-tik)

Spinal Analysis Chart

You need not be Sick

Chiropractic Adjusts

The Cause of Disease."

and also an advertisement and advertisements reading and appearing in manner and form as follows:

"What is Chiropractic?

(Ki-ro-prak-tik)

It is not Medicine; Not Surgery;

Not Osteopathy

It Deals directly with the Cause of Ill Health

"It is a scientific method of adjusting the cause of 'disease' without drugs or instruments, based on correct knowledge of anatomy, especially the nervous system. The Chiropractic idea is that the cause of so-called 'disease' is in the person afflicted, and the adjustment in overcoming that cause. The function of every organ in the body is controlled by mental impulses from the brain, which it transmits over the nerves. Any impingement of these nerves interfering with the transmission of mental impulses results in an abnormal function commonly called 'disease.' This interference is produced by subluxated vertebrae pressing upon the nerves as they pass out from the spinal cord. The trained adjuster locates the obstruction or interference, and by means of adjusting the subluxated vertebrae overcomes the cause, and normal condition or health is the result.

"Investigation costs nothing, and means health and happiness.

Frank C. Kaatz

Chiropractor

Hours: 3 to 5 p. m. Evenings.

Monday, Wednesday and Friday, 7 to 8
Suite 7, Y. M. C. A. Building.
Phone 824-R.
Burlington, Vt."

and also did then and there in said Burlington and in divers and many other towns, places and localities in said county of Chittenden, circulate among the people and inhabitants thereof and make public other pamphlets, papers, reading matter and literature advertising himself to the public as such physician and surgeon and also did cause a sign to be displayed, exposed and maintained on the outside of the building in which his office was then and there located in said Burlington, reading and appearing in manner and form as follows:

"Office of F. C. Kaatz, D. C.
Chiropractor
Hours 3-5."

and also caused a sign to be displayed, exposed and maintained on the outside of the door of his office then and there in said Burlington, reading and appearing in manner and form as follows:

"Office of F. C. Kaatz, D. C.
Chiropractor
Hours 3-5."

thereby intending to imply and designate himself to the public as being a person to locate the cause of disease, to cure disease and the cause of disease by the "laying on of hands" in the use of, by and through the means of the system or method called "Chiropractic," contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the state.

*M. G. Leary, M. H. Alexander,* and *Morris & Hartwell* of La Crosse, Wis., for the respondent.

*Allen Martin,* State's Attorney, and *Rufus E. Brown* for the State.

MILES, J. This is a prosecution against the respondent for advertising and holding himself out to the public as a physician and surgeon without being licensed as required by law, and was by information in three counts, to which the respondent de-

murred. The demurrer was overruled, and to this the respondent excepted. Upon the overruling of the demurrer, the respondent moved to have the case sent to this Court before final trial. This motion was overruled, to which action of the court the respondent excepted. The case was then tried by jury, and a verdict of guilty was found, and the case comes here on the exceptions to the overruling of the respondent's demurrer and motion.

The only ground of demurrer stated in the respondent's brief is that the information does not specifically charge the respondent with having practiced medicine without a license. No such ground is stated in the exceptions nor in the demurrer, and the prosecution is not for practicing medicine contrary to law. The respondent commences his exceptions by saying: ''This is a prosecution against the respondent for advertising and holding himself out to the public as a physician and surgeon.'' It was, therefore, unnecessary to allege that the respondent practiced medicine without a license, and the information was not subject to demurrer for failure to so allege. The point argued is not raised by the exceptions and no other ground of demurrer being stated and relied upon in the respondent's brief, we do not, to reverse a case, search the record for defects or errors not called to our attention by the respondent. Exceptions not briefed are waived: *Rogers* v. *Bigelow*, 90 Vt. 41, 96 Atl. 417; *Parry & Jones* v. *Empire Granite Co.*, 90 Vt. 231, 97 Atl. 985; *Bagley* v. *Cooper*, 90 Vt. 576, 99 Atl. 230.

The other exception relied upon by the respondent is to the trial court's refusal to pass the case to this Court before final trial. No authorities are cited in the respondent's brief supporting this exception and, none, we think, can be found. It was a matter wholly within the discretion of the trial court (G. L. 2262), and being within the discretion of the trial court, and it not appearing that that discretion has been abused, it is not reviewable by this Court (*Lincoln* v. *C. V. Ry. Co.*, 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998; *Manley Bros.* v. *B. & M. R. R. et al.*, 90 Vt. 218, 97 Atl. 674); besides the respondent has not been harmed by the court's refusal to send the case here before final trial, for, being a criminal case, the demurrer was not waived by going to trial on the merits, and the respondent could be heard on his demurrer as well after as before trial in county court.

*State* v. *Bosworth,* 74 Vt. 315, 52 Atl. 423; *State* v. *Perkins,* 88 Vt. 121, 92 Atl. 1.

*Judgment that there is no error and that the respondent take nothing by his exceptions.   Let execution be done.*