## J. B. C. TYLER *v.* TURNER CENTER SYSTEM.

May Term, 1929.

Present:  WATSON, C. J., POWERS, SLACK, and MOULTON, JJ.

Opinion filed October 1, 1929.

*Wilson & Adams* and *Hale K. Darling* for the defendant.

*H. W. Hastings* for the plaintiff.

SLACK, J.   The declaration in effect alleges that during the time here material the defendant operated a creamery at West Newbury, Vermont; that in December, 1926, and January and February, 1927, the plaintiff sold and delivered to defendant a large quantity of milk, to wit: 81,716 pounds; that the defendant "intending to deceive said plaintiff, and falsely, fraudulently and deceitfully to injure said plaintiff, did then and there give said plaintiff, a false, fraudulent and deceitful test of his said milk so sold and delivered to said defendant, and did then and there falsely, fraudulently and deceitfully cut the test of said milk of said plaintiff, and did then and there falsely, fraudulently and deceitfully and knowingly cause said milk to be so tested as to reflect but a part of the actual butter fat in said milk; that said defendant knowingly, falsely, fraudulently and deceitfully tested said milk and reported said test so as to show that approximately 2.60 per cent. butter fat therein, whereas said milk contained, as aforesaid, approximately 3.30 per cent. butter fat * * * * * that said plaintiff thereby and by reason of said false, fraudulent, deceitful act and acts of said defendant, done by it with knowledge and intent to deceive, did lose the difference in amount of butter fat for said months * * * * * making a total for said three months of one hundred and seventy-eight dollars and thirty-one cents; all of which said plaintiff ought of right to have had and received but for said false, fraudulent and deceitful act of said defendant, all as aforesaid." The declaration further alleges, in effect, that defendant "designing, falsely, fraudulently and deceitfully to injure said plaintiff and to profit thereby * * * * * knowingly used scales for weighing (said milk) well knowing the same to be inaccurate and well knowing the same to be so adjusted as to reflect weights under the actual weights of milk weighed thereon, and thereby said plaintiff has lost divers large numbers of pounds of milk." Issue was treated as joined under county court rule 15. Trial was by jury resulting in a verdict and judgment for the plaintiff. At the close of all the evidence, defendant moved for a directed verdict on the ground that the evidence did not tend to establish an action for fraud and deceit; the motion was denied and defendant excepted.

204

■ The plaintiff now says that this is not strictly an action in fraud and deceit, but that it is predicated upon the violation of a duty which the law imposed upon defendant and the breach of a *quasi* trust relation, and several of our own decisions which hold that an action on the case can be maintained when such is the situation are called to our attention. This claim appears to be an afterthought on his part, since it is obvious that that was not the theory upon which the declaration was drawn, or upon which the trial below proceeded. The declaration speaks for itself, and the record does not show a suggestion or an intimation by the plaintiff throughout the trial that a recovery could be had on any ground other than fraud and deceit. The sole ground upon which he resisted the motion for a directed verdict was that the defendant falsely represented that his milk contained much less butter fat than it in fact contained and concealed from him what the various tests actually disclosed. The charge of the court, too, which in this respect was unchallenged, clearly recognized fraud alone as the basis for a recovery. In this situation it is futile for the plaintiff now to attempt to stand on grounds not heretofore relied upon. *Bagley* v. *Cooper*, 90 Vt. 576, 99 Atl. 230.

■ ■ So we address our attention to the question of whether the evidence tended to establish an action for fraud and deceit. That false representations, known to be false by the party to whom made, or not relied upon by him, will not support an action for fraud is too well established to require notice of the authorities. For the same reason any other misconduct resorted to for the purpose of defrauding another is not actionable unless relied upon by the party intended to be affected thereby. In the instant case it affirmatively appears from the plaintiff's own testimony that he was not deceived or misled by the alleged misconduct of the defendant. He first learned that defendant claimed his milk tested low in butter fat on January 10, when defendant called his son's attention to the matter and told him that the test for that day was 2.30. Following this several tests for butter fat were made at different times by both plaintiff and defendant, and plaintiff had like tests made by at least five other parties. Shortly after January 10 the plaintiff discovered that he was not getting credit for as much milk as his scales showed he was entitled to. He so informed defendant, and various tests were made of its scales and

they were examined by some one from the State weights and measures department. The subject of the weight and butter fat content of plaintiff's milk was discussed by him and the manager of the local creamery on various occasions, and the plaintiff wrote the manager of the home plant at Auburn, Maine, about the matter. The latter replied that he would "be up there and straighten it out, look into it." He did not come himself, but sent a man who after looking the situation over told plaintiff that "it would be fixed up satisfactorily and all right." The matter not having been adjusted the plaintiff stopped delivering milk to defendant March 12, and about two months later brought this suit.

With plaintiff's evidence as to his knowledge respecting defendant's weights and tests standing thus, he cannot recover on the ground that he was defrauded thereby, even though his declaration so alleges, which is doubtful. Not only is this so as to milk delivered after he learned that such weights and tests were inaccurate, but also as to what was delivered before, because he learned of the alleged inaccuracies before any of the milk in question was paid for, and there was no evidence or claim that when he received payment he did so relying upon the accuracy of the weights or of the tests upon which the various amounts received by him were computed.

The plaintiff says that it was not necessary for him to show reliance upon defendant's fraud in order to recover, but that, if it was, such reliance might be inferred from the fact that he sold and delivered milk to the defendant. The first claim is untenable as we have already seen. While in some circumstances it may be inferred that the plaintiff relied upon the alleged misconduct of the defendant (see *Ste. Marie* v. *Wells,* 93 Vt. 398, 108 Atl. 270), it obviously cannot be when, as here, the plaintiff's evidence conclusively shows otherwise.

It may be that the facts disclosed by the evidence would sustain the proper form of tort action. The authorities seem to indicate that this may be so. 1 Chitty's Pl. 135*; *Burnett* v. *Lynch,* 5 Barn. & C. 609; *Mobile Life Ins. Co.* v. *Randall,* 74 Ala. 170; *Philadelphia, W. & B. R. R. Co.* v. *Constable,* 39 Md. 149; *Nevins* v. *Pullman Palace Car Co.,* 106 Ill. 222, 46 A. R. 668; *Mahurin* v. *Harding,* 28 N. H. 128, 59 A. D. 401; *Ashley* v. *Root,* 4 Allen (Mass.) 504; *Inhabitants of Milford* v. *Bangor Railway & Electric Co.,* 104 Me. 233, 71 Atl. 759, 30 L. R. A.

(N. S.) 531. But this question we are not called upon to, nor do we, decide. It is enough to say that the evidence does not support this action.

*Judgment reversed, and cause remanded.*

NOTE.—Willcox, J., having tried the case below did not sit.